[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13411
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 08-14254-CV-DLG,
07-14016-DLG

JOSEPH CRUTCHLEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 27, 2010)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Joseph Crutchley, a federal prisoner, appeals the district court's denial of his

pro se motion to vacate filed pursuant to 28 U.S.C. § 2255. We granted a certificate

of appealability to determine "[w]hether, the district court violated <u>Clisby v. Jones</u>, 960 F.2d 925, 936 (11th Cir. 1992) (<u>en banc</u>) by failing to address Crutchley's claim that counsel was ineffective for failing to file a notice of appeal." Crutchley argues on appeal that the district court's failure to address his claim that his counsel was ineffective for refusing to file a notice of appeal on Crutchley's behalf constituted a violation of <u>Clisby</u>'s rule that a district court must address all claims, including ineffective assistance claims, set forth in a § 2255 motion. After careful review, we vacate and remand.[1]

When reviewing the district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law <u>de novo</u>. <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004).

Expressing our "deep concern over the piecemeal litigation of federal habeas petitions," in <u>Clisby</u> we exercised our supervisory authority and instructed the district courts to resolve all claims for relief raised in a petition for habeas corpus, regardless of whether habeas relief is granted or denied. <u>Clisby</u>, 960 F.2d at 935-36 (involving a 28 U.S.C. § 2254 petition filed by a state prisoner); <u>see</u> <u>Rhode v. United States</u>, 583 F.3d 1289, 1291 (11th Cir. 2009) (holding that <u>Clisby</u> applies to § 2255 motions).

---

[1] However, Appellant's motion, filed pursuant to Fed.R.App.P. 23(a), in which he requests to be transferred to the custody of a federal prison within the territorial jurisdiction of the Eleventh Circuit Court of Appeals, is DENIED.

When a district court fails to address all of the claims presented in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Clisby, 960 F.2d at 938.

A "claim for relief" is defined as "any allegation of a constitutional violation." Id. at 936. In determining whether a claim was adequately raised, we have held that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Ineffective assistance of counsel constitutes a violation of a defendant's Sixth Amendment rights, and thus is a claim of a constitutional violation. See Strickland v. Washington, 466 U.S. 668, 684-96 (1984).

Under the less stringent standard employed for pro se litigants, Crutchley properly raised his claim that his counsel was ineffective for failing to file a notice of appeal in his § 2255 motion, in his memorandum in support of that motion, and in reply to the government's answer. See Tannenbaum, 148 F.3d at 1263. Because the district court failed to address this claim, we vacate the district court's judgment without prejudice, and remand to the district court solely for consideration of that claim.

**VACATED and REMANDED.**

3