[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2011
JOHN LEY
CLERK

_____

No. 10-12427
Non-Argument Calendar

_____

D.C. Docket Nos. 8:09-cv-02540-SCB-EAJ & 8:08-cr-00026-SCB-EAJ

LUIS A. COSSINO, a.k.a. Luis Cossio,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 21, 2011)

Before PRYOR, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Luis Cossino, a federal prisoner, appeals pro se the dismissal of his motion

to vacate his sentence. 28 U.S.C. § 2255. This Court issued a certificate of

appealability to resolve whether the district court, contrary to <u>Clisby v. Jones</u>, 960 F.2d 925, 938 (11th Cir. 1992) (en banc), and <u>Rhode v. United States</u>, 583 F.3d 1289, 1291 (11th Cir. 2009), failed to consider three arguments that Cossino raised in an addendum to his motion to vacate. We vacate and remand.

A jury convicted Cossino of conspiring to manufacture 100 or more marijuana plants, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), 846, and manufacturing 100 or more marijuana plants, <u>id.</u> §§ 841(a)(1), 841(b)(1)(B)(vii); 18 U.S.C. § 2, and the district court sentenced Cossino to 60 months of imprisonment. Cossino appealed and argued that the district court erred by denying his motion to suppress and that his trial counsel was ineffective. We held that Cossino lacked standing to challenge the search of the residence where the marijuana was discovered, and we declined to address Cossino's argument of ineffectiveness. <u>United States v. Cossino</u>, No. 08-15694 (11th Cir. July 8, 2009).

Cossino moved <u>pro se</u> to vacate his sentence and argued that his trial counsel acted ineffectively by failing to investigate whether signatures on two search warrants had been forged and by failing to move to suppress the search warrants. After the district court ordered the government to show cause why relief should not be granted, but before the government filed a response, Cossino filed an addendum to his motion to vacate. Cossino did not move to amend his motion

2

to vacate, even though his motion contained the following warning: "Caution: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date." In his addendum, Cossino raised three new grounds for relief that he numbered grounds three, four, and five: (3) trial counsel was ineffective for failing to object to Cossino's indictment as duplicitous and for failing to request a jury instruction about aiding and abetting; (4) appellate counsel was ineffective for failing to raise the issues in ground three and failing to challenge the failure of the district court to consider all the sentencing factors or explain the reason for its sentence, 18 U.S.C. § 3553; and (5) Cossino could not be convicted of being "the principle and the aider and abettor" of his drug crimes.

The government responded to the two arguments Cossino had made in his motion to vacate, but the government did not respond to the three issues that Cossino had raised in his addendum to the motion. Cossino filed a reply, but he did not mention the three issues that he had raised in his addendum.

The district court denied Cossino's motion to vacate. The district court ruled that trial counsel could not be faulted for failing to object to search warrants that Cossino lacked standing to challenge. The district court did not address the three issues that Cossino had raised in his addendum. The district court denied Cossino's request for a certificate of appealability, but we granted the certificate.

3

Although we issued the certificate of appealability to resolve whether Cossino could amend his motion to vacate by filing an addendum more than 21 days after he filed his motion, we need not address that procedural issue. The government does not challenge Cossino's right to amend his motion. The government states that the district court "should have allowed [Cossino] to amend his" motion to vacate under Federal Rule of Civil Procedure 15(a)(2), which provides that a district court "should freely give . . . when justice so requires" a party permission to amend a pleading.

The government argues that Cossino abandoned the issue of whether he was entitled to a remand under Rhode and Clisby, but we disagree. "[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). After careful review, we conclude that Cossino has preserved his claim for relief by stating in his initial brief that the district court should have reviewed the issues raised in the addendum to the motion to vacate.

The government urges us to review the merits of Cossino's issues because he included those arguments in his initial brief, but we will not review the merits at this juncture in the proceeding. As we have explained previously, "'[p]olicy considerations clearly favor the contemporaneous consideration of allegations of

4

constitutional violations grounded in the same factual basis: a one-proceeding treatment of a petitioner's case enables a more thorough review of his claims, thus enhancing the quality of the judicial product.'" Rhode, 583 F.3d at 1291 (quoting Clisby, 960 F.2d at 936). Furthermore, we will not consider the merits of Cossino's arguments because they are outside the scope of the certificate of appealability. Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998).

The district court failed to address all constitutional issues that Cossino "sufficiently raised" in the district court. Rhode, 583 F.3d at 1291; Clisby, 960 F.2d at 935–36. To remedy this oversight, we "vacate the district court's judgment without prejudice and remand the case for consideration of" the three issues that Cossino raised in the amendment to his motion to vacate. Rhode, 583 F.3d at 1292.

**VACATED** and **REMANDED**.