[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 13, 2012
JOHN LEY
CLERK

No. 11-10599
Non-Argument Calendar
_____

D.C. Docket Nos. 9:09-cv-80582-JIC,
9:05-cr-80133-JIC-1

ANTHONY DIGGS,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 13, 2012)

Before CARNES, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Diggs appeals the district court's denial of his 28 U.S.C. § 2255

motion to vacate, set aside, or correct his 188-month prison sentence, contending

that the district court erroneously sentenced him as a career offender under the sentencing guidelines.

## I.

Diggs pleaded guilty to, and was convicted of, possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). The presentence investigation report recounted Diggs' criminal history, which included one conviction for carrying a concealed firearm, one conviction for carrying a concealed weapon, and two convictions for resisting arrest with violence. Based on the convictions for carrying a concealed firearm and carrying a concealed weapon and one of the convictions for resisting arrest with violence, the PSR recommended classifying Diggs as a career offender under United States Sentencing Guidelines § 4B1.1 (Nov. 2005).

Because the statutory maximum prison sentence for his conviction was 40 years, see 21 U.S.C. §§ 841(a)(1), (b)(1)(B), his status as a career offender increased his offense level to 34, see U.S.S.G. § 4B1.1(b). Subtracting 3 levels for acceptance of responsibility, his total offense level was 31. Diggs' classification as a career offender automatically set his criminal history category at VI, see id., but that classification made no difference to Diggs' criminal history category because he also had 17 criminal history points. His total offense level of 31 and

his criminal history category of VI yielded a guidelines range of 188 to 235 months imprisonment. The court adopted the PSR's findings and sentenced Diggs to a 188-month prison term.

Diggs did not file a direct appeal. Instead, he filed a 28 U.S.C. § 2255 motion seeking resentencing based on the Supreme Court's decision in Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581 (2008), and our decision in United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), arguing that his convictions for carrying a concealed firearm and carrying a concealed weapon were not convictions for a crime of violence for the purpose of the career offender enhancement. The district court denied Diggs' motion, finding that, even if carrying a concealed firearm and carrying a concealed weapon were not crimes of violence, Diggs still qualified as a career offender because he had two convictions for resisting arrest with violence, which were convictions for a crime of violence.

Diggs moved for a certificate of appealability, which the district court granted on the following question: "Does a Florida prior conviction for Resisting Arrest with Violence under Fla. Stat. § 843.01 qualify as a 'crime of violence' under U.S.S.G. Section 4B1.2(a), justifying a Career Offender sentencing enhancement?"

II.

We review a district court's denial of a § 2255 motion as a mixed question of law and fact. We review for clear error the court's findings of fact and review de novo its application of the law to those facts. Rhode v. United States, 583 F.3d 1289, 1290 (11th Cir. 2009). Our review is "limited to the issue[] specified in the COA," id., but we read the COA to include whether Diggs procedurally defaulted his claim, which is an issue we must address before considering the claim's merits, see Wright v. Sec'y for Dep't of Corr., 278 F.3d 1245, 1258 (11th Cir. 2002); McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001).

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 [motion]." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (quotation marks omitted). There are two exceptions to the procedural default rule: "(1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence." Id. "Under the actual innocence exception . . . a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself." Id. In McKay, we held that the actual innocence exception to the procedural default rule does not apply where a movant argues that the predicate offenses that warranted classifying him as a career

4

offender were not crimes of violence under the guidelines yet does not argue that he did not commit those predicate offenses. Id. at 1199.

Our holding in McKay controls the outcome of this case. Diggs "procedurally defaulted his claim that he was erroneously sentenced as a career offender because he did not raise that claim on direct appeal—indeed, a direct appeal was not even filed." Id. at 1196. He has not argued that his procedural default should be excused for cause. Nor has he argued that he did not commit the underlying predicate offenses. His claim is procedurally barred.

**AFFIRMED.**