[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2012
JOHN LEY
CLERK

No. 11-12388
Non-Argument Calendar
_____

D.C. Docket Nos. 3:10-cv-00057-VMC-TEM,
3:05-cr-00339-VMC-TEM-1


PATRICK FITZGERALD PORTER,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 2, 2012)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Patrick Fitzgerald Porter, a pro se federal prisoner, appeals the district

court's denial of his 28 U.S.C. § 2255 motion to vacate his convictions and sentences. After review, we vacate and remand for further consideration consistent with this opinion.

## I. BACKGROUND

In 2005, Porter was indicted on 17 drug- and firearm-related offenses. A jury found him guilty of all 17 offenses, and the district court sentenced him to 182 years' imprisonment. This Court affirmed Porter's convictions and sentence on direct appeal. See United States v. Porter, 293 F. App'x 700, 704-08 (11th Cir. 2008).

In 2010, Porter filed this pro se motion to vacate under § 2255, asserting ten claims of ineffective assistance of counsel, nine by his pretrial/stand-by trial counsel and one by his appellate counsel.[1] In addressing Porter's § 2255 motion, the district court discussed the claims against his pretrial/stand-by trial counsel and found they lacked merit, but it did not discuss the claim against his appellate counsel. This Court granted a certificate of appeal ("COA") on the issue of:

> Whether the district court violated Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), when it failed to address Porter's argument

---

[1]Porter argued that by denying his request for a trial continuance to obtain a ballistics expert, the trial court effectively violated his Sixth Amendment right to compel witnesses in his favor, and that his appellate counsel's failure to raise this issue on appeal constituted ineffective assistance.

that his appellate counsel was ineffective for failing to argue that the trial court violated his Sixth Amendment right to compel witnesses in his favor?

## II. DISCUSSION

In Clisby, this Court instructed district courts to resolve all claims for relief raised in a petition for writ of habeas corpus prior to granting or denying relief. Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc)(involving state prisoner's 28 U.S.C. § 2254 petition); see Rhode v. United States, 583 F.3d 1289, 1291 (11th Cir. 2009) (applying Clisby to a federal prisoner's § 2255 motion). If the district court does not address all claims prior to issuing judgment, this Court "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Clisby, 960 F.2d at 938.[2]

Porter argues, and the government concedes, that the district court did not address Porter's ineffective assistance of appellate counsel claim. We agree that the district court addressed Porter's claims against his pretrial/stand-by trial counsel but never addressed the claims against his appellate counsel. This failure to consider all of the claims set forth in his § 2255 motion violates Clisby.

We reject Porter's invitation to consider the merits of his ineffective

[2]In reviewing the district court's denial of a § 2255 motion, we review findings of fact for clear error, and questions of law de novo. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).

assistance of appellate counsel claim.  Under <u>Clisby</u>, our role is to vacate the judgment "without prejudice" and remand to the district court for consideration of the unaddressed claim in the first instance.  <u>Id.</u>  Porter offers no reason that the district court will not be able to fairly review his appellate counsel claim.  Furthermore, the merits of Porter's appellate counsel claim exceed the scope of our review, which is limited to the <u>Clisby</u> issue specified in the COA.  <u>See</u> <u>Murray v. United States</u>, 145 F.3d 1249, 1250 (11th Cir. 1998).  Consistent with these reasons, we vacate the judgment without prejudice and remand the case to the district court to consider Porter's ineffective assistance of appellate counsel claim.

**VACATED AND REMANDED.**