[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11603
Non-Argument Calendar
_____

D.C. Docket Nos. 9:11-cv-81028-KAM; 9:09-cr-80058-KAM-1


MICHAEL JACK RIOLO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 22, 2014)

Before PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Michael Jack Riolo appeals the district judge's denial of his pro se 28 U.S.C.

§ 2255 motion to vacate.  He argues the district judge failed to resolve all of his

claims, in violation of *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc).

Because the district judge did not address all of Riolo's separate ineffective-assistance-of-counsel claims, we vacate and remand for the judge to resolve those claims.

## I. BACKGROUND

In September 2011, Riolo, a federal prisoner convicted of five counts of mail fraud, in violation 18 U.S.C. § 1341, filed this pro se 28 U.S.C. § 2255 motion to vacate, challenging his convictions and 293-month sentence. He raised three grounds for relief. In Ground One, he raised six specific claims of ineffective assistance of counsel and asserted defense counsel had been ineffective for:

> 1) advising him that the government would be recommending an offense level of 30 when in fact the government recommended an offense level of 38; 2) advising him that [counsel] would be challenging the "sophisticated means" [sentencing] enhancement and requesting the court to sentence him to a sentence of 78 months or lower when in fact [counsel] requested the court to sentence him to 235 months; 3) failing to advise him as to the premise and importance of a stipulation, where the government's recommendation was by far the most important factor in his decision to plead guilty; 4) failing to reduce such a critical factor to writing in the plea agreement or to enter it on the record in some way; 5) failing to advise him that the office of probation could make its own calculation of the offense level; and 6) failing to acknowledge that there was any chance that [Riolo] faced an offense level higher than 30 where [his] plea was specifically motivated by his desire to assure his ability to return to his children while they were still minor dependants.

R at 18-19.

2

In Ground Two, Riolo asserted he had received ineffective assistance of counsel, because counsel had convinced him to concede in his factual proffer that he had made misrepresentations to clients and had traded in futures contracts.  He argued he had made those concessions only because counsel had assured him they would have no bearing on his criminal case and would not affect his sentence. Riolo contended he never would have conceded those issues had he known the government would then recommend a higher offense level.

In Ground Three, Riolo raised six additional claims of ineffective assistance of counsel.  He argued, because he pled guilty in this case based on his understanding that he would receive an offense level of 30, defense counsel had been ineffective for:

> 1) failing to conduct any investigation into the applicable offense level in this case beyond a cursory reading of the Sentencing Guidelines Manual; 2) failing to acknowledge that there was any risk of being sentenced under an offense level higher than 30; 3) failing to acknowledge to [Riolo] that there was any reason to conduct any investigation into the offense level calculation; 4) relying solely on an alleged representation from the government that it would be pursuing an offense level of 30 in lieu of any investigation into the offense level calculation; 5) advising [Riolo] to accept a plea agreement under the guise that the offense level had been predetermined where the offense level calculation was [Riolo's] main reason for agreeing to plead guilty in this case, and where [he] was unknowingly at risk of being sentenced under a much higher offense level; and 6) failing to acknowledge that a third party could calculate and present the court with an offense level higher than 30, thus putting [Riolo] at risk of being sentenced under an offense level that he was not aware was possible.

3

R at 22-23.

Following briefing, a magistrate judge entered a report and recommendation ("R&R) recommending Riolo's § 2255 motion be denied.  Instead of addressing each individual ineffective-assistance-of-counsel claim, the magistrate judge consolidated Riolo's grounds for relief into the following three claims:

> **Claim 1:**  Ineffective assistance of counsel for advising him that the government would be recommending an offense level of 30;
>
> **Claim 2:**  Ineffective assistance of counsel for advising him to concede certain facts in the factual proffer;
>
> **Claim 3:**  Ineffective assistance of counsel for failing to properly research the applicable [S]entencing [G]uidelines.

R at 392-93.

The magistrate judge found Claims 1 and 2 were both refuted by the record. First, he concluded both claims had been raised and rejected on direct appeal, and Riolo had presented nothing of substance warranting a different result.  The magistrate judge noted Riolo had argued on direct appeal: (1) the government had breached the plea agreement by not recommending an offense level of 30; and (2) his guilty plea was invalid because he had insufficient time to review the factual proffer, and the factual proffer contained inaccurate information.

Regarding Claim 3, the magistrate judge concluded, because Riolo had not identified what counsel should have investigated concerning the sentencing enhancements, Claim 3 was subject to summary dismissal.  He also found Riolo

4

had failed to explain how counsel's failure to investigate the possible enhancements resulted in prejudice.

The magistrate judge noted Riolo also had complained defense counsel had failed to inform him the probation officer would make a sentence recommendation by drafting a PSI before the sentencing hearing. He found this claim was refuted by the record. Accordingly, the magistrate judge recommended the motion to vacate should be denied.

The district judge subsequently entered a final judgment, adopted the R&R, and denied the § 2255 motion to vacate. In addition to the magistrate judge's findings, the district judge further found Riolo's claim of ineffective assistance of counsel, derived from counsel's alleged misrepresentations regarding the length of the sentence Riolo could expect, was refuted by the record. The judge noted, during the plea colloquy in his criminal case, Riolo had agreed no one had "made any promises or representations to [him] as to what sentence [the judge would] impose in the case." R at 479 (emphasis omitted). Given Riolo's sworn statements during the plea colloquy, the district judge determined Riolo could not claim he had relied upon representations not contained in the plea agreement as the basis for what had caused him to plead guilty. Therefore, the judge denied a certificate of appealability ("COA"), denied all outstanding motions as moot, and closed the case.

On appeal, we granted a COA on the following issue: "Whether the district [judge] failed to resolve all of Riolo's claims of ineffective assistance of counsel, in violation of *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (*en banc*)?"  *Riolo v. United States*, No. 13-11603 (11th Cir. June 21, 2013).

## II. DISCUSSION

The denial of a § 2255 motion to vacate presents a mixed question of law and fact, and we review the district judge's factual conclusions for clear error and questions of law de novo.  *Rhode v. United States*, 583 F.3d 1289, 1290 (11th Cir. 2009) (per curiam).  Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and, consequently, must be construed liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

District judges must resolve all claims for relief raised in habeas proceedings, regardless of whether relief is granted or denied.  *Clisby*, 960 F.2d at 935-36 (involving a 28 U.S.C. § 2254 petition filed by a state prisoner); *Rhode*, 583 F.3d at 1291 (holding *Clisby* applies to § 2255 proceedings).  When a district judge fails to address all of the claims presented in a motion to vacate, we "will vacate the . . . judgment without prejudice and remand the case for consideration of all remaining claims."  *Clisby*, 960 F.2d at 938.  A "claim for relief" is defined as "any allegation of a constitutional violation."  *Id.* at 936.  Allegations of distinct constitutional violations constitute separate claims for relief, "even if both

6

allegations arise from the same alleged set of operative facts." *Id.*  Ineffective assistance of counsel constitutes a violation of a defendant's Sixth Amendment rights and is a claim of a constitutional violation.  *See Strickland v. Washington*, 466 U.S. 668, 684-86, 104 S. Ct. 2052, 2063-64 (1984).

As an initial matter, in objecting to the R&R, Riolo did not argue specifically the magistrate judge had violated *Clisby*.  Riolo's failure to raise a *Clisby* violation before the district judge, however, does not prevent him from asserting *Clisby* error on direct appeal.  *See Dupree v. Warden*, 715 F.3d 1295, 1297 (11th Cir. 2013) (holding, although petitioner did not object to magistrate judge's failure to address certain claims in petitioner's § 2254 habeas petition, we nevertheless could review de novo whether the district judge had violated *Clisby*). Accordingly, our review is de novo.  *Rhode*, 583 F.3d at 1290.

The district judge resolved some, but not all, of Riolo's claims of ineffective assistance of counsel, in violation of *Clisby*.  In Ground One of the § 2255 motion, the magistrate and district judges adequately addressed Riolo's claims that counsel was ineffective for advising Riolo she would challenge the sophisticated means sentencing enhancement and by failing to inform him that the Probation Office would make its own offense-level calculation.  In addition, in the final judgment, the district judge addressed Riolo's claims that counsel was ineffective by misrepresenting the government would recommend an offense level of 30.

7

Other claims remain in Ground One, however. The district judge did not address Riolo's claims that counsel was ineffective by failing to (1) recommend a sentence of 78 months or lower; (2) advise him of the premise and importance of a stipulation; and (3) reduce such a critical factor to writing in the plea agreement.[1] As for Ground Two, the district judge did not resolve Riolo's claims. Although the magistrate judge correctly framed Ground Two as a claim of ineffective assistance of counsel based on counsel's advice to Riolo to concede certain facts in the factual proffer, the magistrate judge did not analyze that claim under *Strickland*. Instead, the magistrate judge misconstrued Ground Two as asserting Riolo's guilty plea was invalid because he did not have adequate time to review the factual proffer, and the proffer contained false information. Therefore, because the magistrate judge did not conduct an ineffective-assistance-of-counsel analysis and because the district judge did not address this issue in the final judgment, *Clisby* was violated.

Regarding Ground Three, it appears the district judge sufficiently addressed all of Riolo's ineffective-assistance-of-counsel claims, with the exception of his claim that counsel was ineffective for advising him to accept the plea agreement. The remaining claims asserted in Ground Three are duplicative of each other and of the claims asserted in Ground One and adequately were addressed by the judge.

---

[1] It is unclear to which factor Riolo was referring.

8

Because the district judge violated *Clisby*, we vacate the judgment and remand for the judge to decide the omitted claims.

**VACATED AND REMANDED.**