[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10670
Non-Argument Calendar

_____

D.C. Docket Nos. 1:11-cv-00727-WS-B,
1:08-cr-00256-WS-B-2

TASHA MICHELLE BLACKBURN,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 27, 2016)

Before HULL, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Tasha Blackburn, proceeding *pro se*, appeals the district court's denial of her

28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence, which she

filed after a jury convicted her of conspiracy to possess with intent to distribute methamphetamine. She contends the district court erred in denying her claim that one of her trial lawyers rendered ineffective assistance. She also contends the district court erred in failing to address claims she raised about another one of her trial lawyers. For the reasons that follow, we vacate and remand for further proceedings.

Liberally construed,[1] Blackburn's § 2255 motion raised a number of ineffective assistance claims regarding her trial and appellate counsel. Blackburn was represented by three different lawyers leading up to her trial (a fourth, unrelated to this stage of her § 2255 appeal, represented her on direct appeal). Her lawyers' representation did not overlap. Blackburn first was represented by Fred Tiemann, against whom she raised no claims in her § 2255 motion. Next, she was represented by Paul Murray, and finally, by Thomas Haas. In her § 2255 motion, although Blackburn did not name Murray and Haas, she referred when asserting her ineffective assistance of counsel claims to both her "trial counsel" and "former counsel." In her briefing on the § 2255 motion, Blackburn named Murray and Haas, described their roles in representing her, and claimed that both rendered ineffective assistance.

---

[1] We hold *pro se* pleadings to a less stringent standard than counseled pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

The district court referred Blackburn's § 2255 motion to a magistrate judge. The magistrate judge acknowledged that Blackburn had asserted claims against both Murray and Haas, but failed to address her claims against Haas. The magistrate judge recommended that the district court deny Blackburn's motion. Blackburn objected to the recommendation, asserting that the magistrate judge failed to address her claims that Haas rendered ineffective assistance during his tenure as her counsel. The district court summarily overruled Blackburn's objections, adopted the magistrate judge's recommendation, and denied Blackburn's motion.

This Court granted Blackburn a certificate of appealability on, as relevant here, whether the district court erred under *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), in overlooking Blackburn's claims that Haas rendered ineffective assistance by: (1) failing to discuss with her the government's plea offer and inform her of the benefits of accepting it; (2) failing to inform her of the potential results of proceeding to trial rather than pleading guilty, even assuming Haas lacked access to the government's plea offer; and (3) wrongly advising her that she could not be convicted of conspiracy to possess with intent to distribute methamphetamine.

A district court must resolve all of a habeas petitioner's claims for relief, regardless of whether relief is granted or denied. *Clisby*, 960 F.2d at 935-36; *see*

3

*also Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (holding that *Clisby*, which addressed a 28 U.S.C. § 2254 petition for a writ of habeas corpus, applies equally to § 2255 proceedings).  When a district court fails to address all of a petitioner's claims, we "will vacate the . . . judgment without prejudice and remand the case for consideration of all remaining claims."  *Clisby*, 960 F.2d at 938.

Neither the magistrate judge nor the district court addressed Blackburn's claims regarding Haas's representation of her leading up to her trial.  For this reason, *Clisby* dictates that we vacate without prejudice the judgment of the district court and remand the case for consideration of Blackburn's claims for relief listed above.[2]

**VACATED AND REMANDED.**

---

[2] We accordingly do not address Blackburn's arguments regarding the district court's denial of her claims against Murray on the merits.