[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14151
Non-Argument Calendar

_____

D.C. Docket Nos. 8:14-cv-01347-VMC-EAJ; 8:11-cr-00202-VMC-EAJ-1

MICHAEL ANTHONY PROZER, III,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 24, 2017)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Prozer, III, was sentenced to 102 months imprisonment for mail, wire, and bank fraud, conspiracy to commit mail, wire, and bank fraud, and making false statements to a federally insured financial institution. Proceeding pro se, Prozer appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We granted a certificate of appealability on the following issue:

> Whether the district court violated Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) (en banc), by failing to address Prozer's claims that his counsel was ineffective for (1) not filing any pretrial motions, including a motion to recuse Postal Inspector Douglas Smith, and (2) not subpoenaing text messages between Prozer and Lori Krueger.

Prozer contends that he raised in his pro se § 2255 motion the two claims identified in the COA, but the district court, in denying his motion, never mentioned those claims.[1]

"When reviewing the district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law de novo." Rhode v. United States, 583 F.3d 1289, 1290 (11th Cir. 2009). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be

---

[1] Prozer also raises arguments that are outside the scope of the COA, as well as arguments that were not raised before the district court. We do not consider those arguments. See Rhode v. United States, 583 F.3d 1289, 1290–91 (11th Cir. 2009) ("[This Court's] scope of review is limited to the issues specified in the COA."); Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (quotation marks omitted).

2

liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

District courts must resolve all claims for relief raised in a § 2255 motion, regardless of whether habeas relief is granted or denied. See Clisby, 960 F.2d at 936 (addressing § 2254 petitions); Rhode, 583 F.3d at 1291 (extending Clisby to § 2255 motions). A claim for relief is "any allegation of a constitutional violation." Clisby, 960 F.2d at 936. We cannot consider claims not resolved by the district court in the first instance. See id. at 935 ("[R]espondent urged us to consider the ineffective assistance claims not addressed by the district court. This we clearly cannot do."). Instead, when a district court fails to address all claims in a motion to vacate, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Id. at 938. Ineffective assistance of counsel is a violation of a defendant's Sixth Amendment rights and, as a result, is a claim of a constitutional violation. Strickland v. Washington, 466 U.S. 668, 685–86, 104 S. Ct. 2052, 2063–64 (1984).

In Ground Three of his § 2255 motion, Prozer alleged ineffective assistance of counsel, and he stated that his ineffective assistance claims were "more fully detailed" in the memorandum attached to his motion. In that memorandum, Prozer asserted that his counsel was ineffective because he "refused to file any pre-trial motions critical for the defense." Prozer explained that he specifically asked

3

counsel to file a motion to recuse U.S. Postal Inspector Doug Smith because Smith had a conflict of interest. He stated that both he and Smith had been involved with a woman named Lori Krueger, and that Smith was engaging in a "vindictive investigation and prosecution to pacify his vindictive rage against [him]." Nonetheless, Prozer stated that counsel refused to file a motion to recuse Smith. He also stated that counsel should have moved to dismiss the indictment based on Smith's misconduct, yet counsel failed to do so. Along the same lines, Prozer asserted that counsel was ineffective by failing to subpoena his text messages with Krueger because those text messages would have "supported a [motion] to dismiss for prosecutorial misconduct."

As Prozer contends, and the government concedes, the district court violated Clisby when it failed to address those two ineffective assistance of counsel claims. Prozer raised those constitutional claims in clear and simple language. See Dupree v. Warden, 715 F.3d 1295, 1299 (11th Cir. 2013) ("A claim must be presented in clear and simple language, such that the district court may not misunderstand it."). Although the court resolved most of Prozer's ineffective assistance of counsel claims in rejecting Ground Three, it did not mention Prozer's ineffective assistance claims concerning counsel's failure to file the pretrial motions or the subpoena. See id. (holding that the district court violated Clisby by failing to address an ineffective assistance of counsel claim that "consist[ed] of two sentences found in

4

the middle of a fifteen-page memorandum attached to [the § 2254] petition").  For that reason, we vacate the district court's judgment and remand the case for the district court to consider in the first instance whether Prozer's counsel was ineffective for failing to file any pretrial motions, including a motion to recuse Smith and a motion to dismiss the indictment, and for failing to subpoena the text messages between Prozer and Krueger.  In doing so, we imply no view on the merits of the claims.

**VACATED AND REMANDED.**