[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16979
Non-Argument Calendar
_____

D.C. Docket Nos. 1:15-cv-22093-JEM,
1:09-cr-21010-JEM-2

CARLOS RODRIGUEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 15, 2017)

Before WILLIAM PRYOR, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Carlos Rodriguez, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. This Court granted a certificate of appealability ("COA") on the following issue:

> Whether the district court committed an error under *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (*en banc*), by failing to address Mr. Rodriguez's constitutional claim that counsel and appellate counsel were ineffective for failing to challenge the sufficiency of the evidence as to the count of conspiracy to commit money-laundering.

On appeal, Rodriguez maintains that the district court violated *Clisby*. The government responds that no *Clisby* error occurred because the court adequately addressed the claims Rodriguez presented. After careful review, we agree with the government and therefore affirm the denial of Rodriguez's § 2255 motion.

**I**.

After a jury trial, Rodriguez was convicted of numerous offenses arising from a kickback scheme involving an instrumentality of the Haitian government. The offenses included conspiracy to violate the Foreign Corrupt Practices Act ("FCPA") and commit wire fraud, in violation of 18 U.S.C. § 371; multiple substantive violations of the FCPA, 15 U.S.C. § 78dd-2; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956; and multiple substantive acts of concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

We affirmed Rodriguez's convictions and sentences on direct appeal. *United States v. Esquenazi*, 752 F.3d 912 (11th Cir. 2014). According to the

2

evidence presented at trial, Rodriguez and his codefendant, Joel Esquenazi, co-owned Terra Telecommunications Corp. ("Terra"), a Florida company that bought phone time from foreign vendors and resold the minutes to customers in the United States. *Id.* at 917. Rodriguez was the company's minority owner and served as Executive Vice President of Operations. *Id.*

One of Terra's main vendors was Telecommunications D'Haiti, S.A.M. ("Teleco"), which was an instrumentality of the Haitian government. *Id.* at 917. By October 2001, Terra owed Teleco over $400,000. *Id.* at 918. So, in 2001, Esquenazi asked Antonio Perez, Terra's comptroller, to negotiate a deal with Teleco's Director of International Relations, Robert Antoine, to ease the debt. *Id.* The gist of the deal was that Teleco "would shave minutes from Terra's bills to Teleco in exchange for receiving from Terra fifty percent of what the company saved." *Id.* Antoine suggested that Terra disguise the payments by making them to sham companies, which Terra ultimately did. *Id.*

Perez testified that, after the deal was made, he met with Rodriguez, Esquenazi, and one other person to inform them that Antoine had agreed to accept side payments in exchange for reducing Terra's bills. *Id.* During that meeting, Perez testified, Rodriguez congratulated him on "a job well done." *Id.* Subsequently, Rodriguez authorized payments to Antoine's associates, both of whom testified that they would in turn transfer the money to Antoine. *Id.* at 918–

3

19. After Jean Duperval replaced Antoine as Director General, Rodriguez made payments to Duperval through a shell corporation that Duperval formed with Esquenazi's assistance. *Id.* at 919.

In his direct appeal, Rodriguez raised, among other issues, whether the district court improperly gave the jury a "deliberate-ignorance instruction." *Id.* at 930. He maintained that he lacked knowledge of Terra's illegal activity and that such an instruction was proper only when there was evidence that the defendant avoided knowledge of the illegality of the payment. *Id.* at 930–31. Although we agreed with Rodriguez that the instruction was improper, we found the error harmless "in light of the overwhelming evidence Mr. Rodriguez had actual knowledge he was authorizing unlawful payments." *Id.* at 931 (emphasis omitted).

After we decided his direct appeal, Rodriguez filed in June 2015 a *pro se* 28 U.S.C. § 2255 motion and a supporting memorandum raising several claims of ineffective assistance of trial and appellate counsel. In relevant part, Rodriguez alleged that trial and appellate counsel were ineffective for failing to challenge the sufficiency of the evidence that he (1) knowingly and voluntarily participated in an agreement to commit money laundering and (2) knew the transactions were designed to conceal the nature, location, source ownership, or control of the proceeds. In the section of his memorandum discussing his claim against appellate counsel, Rodriguez asserted that "[t]he complete lack of evidence demonstrating

4

that Movant had any knowledge of the true purpose of the check or wire payments" precluded a finding that Rodriguez "had any knowledge of such a scheme" or that he "was guilty of the concealment money laundering counts."

The government, in response, argued that "there was copious evidence that Rodriguez had knowledge that the transactions were designed to conceal the nature, location, source, ownership, and control of the proceeds and that Rodriguez knowingly joined this conspiracy." Rodriguez replied that the evidence cited by the government was inadequate to prove that he knowingly and voluntarily joined a money-laundering conspiracy.

A magistrate judge issued a report and recommendation ("R&R") recommending that Rodriguez's § 2255 motion be denied. The magistrate judge described the relevant claim as whether "both trial and appellate counsel were ineffective for failing to argue that the evidence was insufficient to show that he had knowledge that the financial transactions were designed to conceal unlawful activity." The magistrate judge did not expressly address whether Rodriguez knowingly and voluntarily joined a scheme to commit money laundering.

The magistrate judge found that trial counsel was not deficient because the record showed that counsel argued at trial that there was insufficient evidence that Rodriguez had knowledge of the illegal nature of the payments or that he "knowingly, intentionally engaged in a monetary transaction with the intent to

5

conceal the funds."  As for appellate counsel, the magistrate judge found that Rodriguez had not shown prejudice because, on direct appeal, this Court, in addressing a related claim, found overwhelming evidence that Rodriguez had actual knowledge of the unlawful nature of his payments.  The magistrate judge reasoned that, in light of this Court's finding, "it is clear that had the issue been raised, the court would have rejected it."

Over Rodriguez's objections, the district court adopted the magistrate judge's R&R and denied Rodriguez's § 2255 motion.  Rodriguez now brings this appeal, for which we granted the COA set out above.

## II.

When reviewing the district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law *de novo.  Lynn v. United States,* 365 F.3d 1225, 1232 (11th Cir. 2004).  Because Rodriguez filed his § 2255 motion *pro se*, we construe his allegations liberally.  *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).

District courts must resolve all claims for relief raised in a § 2255 motion, regardless of whether habeas relief is granted or denied.  *See Clisby v. Jones*, 960 F.2d 936, 935–36 (11th Cir. 1992) (*en banc*); *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (extending *Clisby* to § 2255 motions).  A claim for relief is "any allegation of a constitutional violation."  *Clisby*, 960 F.2d at 936.

Multiple alleged constitutional violations may arise out of the same set of operative facts. *Id.* A defendant presents a claim for relief when he alleges that counsel provided ineffective assistance in violation of his Sixth Amendment rights. *See Strickland v. Washington*, 466 U.S. 668, 685–86 (1984).

We cannot consider claims that the district court has not resolved in the first instance. *See Clisby*, 960 F.2d at 935 ("[R]espondent urged us to consider the ineffective assistance claims not addressed by the district court. This we clearly cannot do."). Instead, when a district court fails to address all claims in a motion to vacate, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938.

As relevant here, to sustain a conviction for concealment money laundering under 18 U.S.C. § 1956(a)(1)(B)(i), the government must prove, among other things, that the defendant "knew a purpose of the [financial] transaction was to conceal or disguise the nature, location, source, ownership, or control of" proceeds of unlawful activity. *United States v. Miles*, 290 F.3d 1341, 1355 (11th Cir. 2002).

To sustain a conviction for conspiracy to commit money laundering under 18 U.S.C. § 1956(h), the government must prove that (1) an agreement existed between the defendant and another to violate § 1956(a)(1)(B)(i); and (2) the defendant, knowing the unlawful plan, voluntarily joined the conspiracy. *See United States v. Silvestri*, 409 F.3d 1311, 1328 (11th Cir. 2005). "The existence of

7

an agreement may be proven by circumstantial evidence, including inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme." *Id.* (internal quotation marks omitted).

### III.

Here, we conclude that the district court did not violate *Clisby*. As we have noted, Rodriguez's § 2255 motion alleged in relevant part two sets of ineffective-assistance claims (against both trial and appellate counsel), based on the failure to challenge the sufficiency of the evidence that he (1) knowingly and voluntarily participated in an agreement to commit money laundering; and (2) knew the transactions were designed to conceal the nature, location, source ownership, or control of the proceeds. The magistrate judge's R&R, later adopted by the district court, expressly addressed the second set of these claims but not the first.

Nevertheless, Rodriguez's filings below show that the contention underlying both sets of claims was that the evidence failed to prove that he had knowledge that the transactions were designed to conceal illegal activity. For instance, in the memorandum filed along with his § 2255 motion, Rodriguez argued that appellate counsel was ineffective for failing to argue evidentiary sufficiency on appeal because "[t]he complete lack of evidence demonstrating that Movant had any knowledge of the true purpose of the check or wire payments" precluded findings that Rodriguez "had any knowledge of such a scheme" and that he "was guilty of

the concealment money laundering counts." And it makes sense for Rodriguez to focus on his knowledge of the purpose of the transactions, because a conspiratorial agreement could be inferred from the fact that he made the payments with knowledge that they were designed to conceal the proceeds of unlawful activity. *See Silvestri*, 409 F.3d at 1328.

Because the crux of Rodriguez's ineffective-assistance claims was that he lacked knowledge that the financial transactions he engaged in were designed to conceal the unlawful source of the proceeds, the district court did not violate *Clisby* by treating that issue as effectively dispositive of both sets of claims. While the district court did not go further and expressly address the conspiracy count, we infer from the context that the court intended to and did resolve Rodriguez's constitutional claim that counsel and appellate counsel were ineffective for failing to challenge the sufficiency of the evidence as to the count of conspiracy to commit money laundering.[1]

Accordingly, we answer the COA in the negative and conclude that the district court did not violate the rule of *Clisby*. We therefore affirm the denial of Rodriguez's § 2255 motion.

**AFFIRMED.**

---

[1] The merits of the magistrate judge's determination are not before us because they are outside the scope of the COA, which is limited to whether *Clisby* error occurred. *See Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) ("Appellate review is limited to the issues specified in the COA.").