[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15004
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 07-02315-CV-T-23-MAP,
06-00090-CR-T-2

KURT LOUIS RHODE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 29, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Kurt Louis Rhode, a federal prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. For the reasons set forth below, we vacate and remand for consideration of Rhode's claim that counsel was ineffective for failing to file a motion to withdraw his guilty plea.

**I.**

Rhode, who pled guilty to and is serving a 60-month sentence for child enticement, in violation of 18 U.S.C. § 2422(b), filed the present pro se § 2255 motion to vacate based on a claim of ineffective assistance of counsel. In a memorandum attached to his motion, Rhode explained that, immediately prior to his sentencing hearing, he told counsel that he wished to withdraw his guilty plea. According to Rhode, counsel instructed him to reaffirm his guilty plea, proceed with sentencing, then submit a § 2255 motion claiming ineffective assistance of counsel. Based on this claim, Rhode asked the district court to set aside his guilty plea. Rhode also asserted that counsel was ineffective because he: (1) refused to pursue Rhode's desired defense strategy, (2) failed to adequately investigate, (3) failed to contact certain witnesses, and (4) refused to file a motion to dismiss. At the end of the attachment, Rhode stated "I do understand that I ple[a]d guilty . . . but was presented no viable option in my mind."

The district court denied Rhode's § 2255 motion, finding that the motion did

2

not require a response from the government, because the motion and case record conclusively showed that Rhode was not entitled to relief. It explained that Rhode's claims lacked merit because "in the plea agreement Rhode waived the right to raise the grounds he asserts in the motion to vacate." The court specifically noted that Rhode's claims that counsel was ineffective for failing to adequately investigate and prepare a defense and failing to challenge his sentence were waived by pleading guilty. The court did not address Rhode's allegations that counsel told him to reaffirm his guilty plea despite his wish to withdraw the plea.

We granted Rhode a Certificate of Appealability ("COA") on the following issues only:

> Whether, in light of Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), the district court was required to address all of the claims raised in appellant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255; and

> If so, whether the district court's order should be vacated and remanded because it failed to address all of the claim[]s raised in appellant's § 2255 motion, Clisby, 960 F.2d at 936.

**II.**

When reviewing the district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law de novo. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). The scope of review is limited to the

3

issues specified in the COA.  <u>Murray v. United States</u>, 145 F.3d 1249, 1250 (11th Cir. 1998).

*Applicability of Clisby to § 2255 Motions*

In <u>Clisby</u>, we expressed our "deep concern over the piecemeal litigation of federal habeas petitions" and exercised our supervisory authority over the district courts, instructing them to resolve all claims for relief raised in a petition for habeas corpus, regardless of whether habeas relief is granted or denied.  <u>Clisby</u>, 960 F.2d at 935-36 (involving a 28 U.S.C. § 2254 petition filed by a state prisoner).  We have also recognized that the legal principles applicable to § 2254 proceedings generally apply to § 2255 motions to vacate.  <u>Gay v. United States</u>, 816 F.2d 614, 616 n.1 (11th Cir. 1987); <u>see also</u> <u>Danforth v. Minnesota</u>, 552 U.S. __, __, 128 S.Ct. 1029, 1041 n.16, 169 L.Ed.2d 859 (2008) (noting that "[m]uch of the reasoning applicable to applications for writs of habeas corpus filed pursuant to § 2254 seems equally applicable in the context of § 2255 motions").  Accordingly, pursuant to our holding in <u>Gay</u>, the district court was required to comply with <u>Clisby</u> and resolve all claims for relief raised in Rhode's § 2255 motion.

*District Court's Compliance With Clisby*

"A claim for relief for purposes of [<u>Clisby</u>] is any allegation of a constitutional violation."  <u>Clisby</u>, 960 F.2d at 936.  When a district court does not

address all the constitutional claims in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Id. at 938. We have explained that "[p]olicy considerations clearly favor the contemporaneous consideration of allegations of constitutional violations grounded in the same factual basis: a one-proceeding treatment of a petitioner's case enables a more thorough review of his claims, thus enhancing the quality of the judicial product." Id. at 936 (internal quotations omitted).

As an initial matter, we decline to consider Rhode's arguments, set forth in his appellate brief, that counsel was ineffective for failing to (1) pursue Rhode's preferred defense strategy, (2) file a motion to dismiss, (3) object to certain facts contained in the presentence investigation report, (4) address Rhode's concerns about the circumstances of his arrest, (5) adequately interview and call exculpatory witnesses, and (6) challenge certain supervised release conditions, because these issues are outside the scope of the COA. Murray, 145 F.3d at 1250. We also note, as an initial matter, that Rhode has preserved his claim for relief on appeal by stating in his brief that counsel was ineffective for failing to file a motion to withdraw his guilty plea and asking us to instruct the district court, pursuant to Clisby, to consider all of the claims raised in his § 2255 motion. See Tannenbaum

5

v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed"). Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

The next issue we address is whether Rhode sufficiently raised, in his § 2255 motion, a claim that counsel was ineffective for failing to file a motion to withdraw Rhode's guilty plea. As noted above, Rhode's pro se § 2255 motion must be construed liberally. See id. In his § 2255 motion, Rhode (1) states that his ineffective assistance of counsel claims are described in his attached memorandum; (2) explains, in his attached memorandum, that he wished to withdraw his guilty plea, but counsel told him to proceed with sentencing and file a § 2255 motion instead of withdrawing his plea; and (3) asks the court to set aside his guilty plea. These statements, liberally construed, adequately state a claim of ineffective assistance of counsel based on counsel's failure to file a motion to withdraw the guilty plea. The district court, in denying Rhode's § 2255 motion, failed to address this claim. The district court's order focused solely on Rhode's claims that counsel was ineffective for failing to adequately investigate and prepare a defense and failing to challenge his sentence. Furthermore, Rhode's claim that counsel should have filed a motion to withdraw his guilty plea is distinct from his claim that

6

counsel failed to adequately investigate and prepare. Rhode asserts that counsel should have filed the motion to withdraw the plea immediately before sentencing, which would have been after the plea had been accepted and, therefore, after all investigation and preparation was complete. Accordingly, because the district court failed to address Rhode's claim that counsel was ineffective for failing to file a motion to withdraw his guilty plea, we vacate the district court's judgment without prejudice and remand to the district court for consideration of this claim. See Clisby, 960 F.2d at 938.[1]

**VACATED and REMANDED.**

---

[1]To eliminate any further confusion, we answer both questions presented in the COA in the affirmative.