[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15884
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 6, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 07-00386-CV-3-RV/MD,
02-00110-CR-3-RV


BRIAN A. PUGH,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 6, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Brian Pugh, proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. We granted a certificate of appealability on the following issue: "Whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 938 (11th Cir. 1992) (*en banc*), by failing to address Pugh's claim that, following *Begay v. United States,* 553 U.S. 137 (2008), and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), his prior conviction for possession of an unregistered firearm should no longer be considered a "crime of violence" for purposes of Sentencing Guidelines §§ 2K2.1 and 4B1.2." The Government concedes on appeal that the district court failed to address this claim. After careful review,[1] we vacate the judgment and remand this case to the district court to enter findings consistent with this opinion.

When a district court fails to address all of the claims in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Clisby*, 960 F.2d at 938. We have recognized the legal principles applicable to § 2254 proceedings generally apply to § 2255 motions to vacate, and thus *Clisby* applies to § 2255 motions. *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009).

---

[1]In a Section 2255 proceeding, we review legal issues *de novo*, and factual findings under a clear error standard. *U.S. v. Walker*, 198 F.3d 811, 813 (11th Cir. 1999).

We conclude the district court violated *Clisby* by failing to address Pugh's claim that under *Begay* and *Archer*, his sentence should not have been enhanced based on his prior conviction for possession of an unregistered firearm. Accordingly, we vacate the judgment without prejudice and remand for consideration of the remaining claim by the district court.

**VACATED AND REMANDED.**