[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 25, 2010
JOHN LEY
CLERK

No. 09-15938
Non-Argument Calendar

_____

D.C. Docket Nos. 09-08003-CV-JHH-TMP
05-00230-CR-JHH

JOHNNY EARL GIBSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Alabama

_____

(October 25, 2010)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Johnny Earl Gibson appeals from the district court's denial of his 28 U.S.C. § 2255 motion to vacate. We granted a certificate of appealability on the issue of "[w]hether the district court erred when it failed to address Gibson's argument that counsel was ineffective for failing to investigate his parole, probation, or supervised release status at the time of the instant offense, in violation of Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992)." On appeal, the government concedes Gibson's argument that the district court did not specifically address his claim that his trial counsel was ineffective for failing to investigate the status of his state-court sentence at the time of his instant federal offense. After careful review, we vacate and remand.

On appeal from the denial of relief under § 2255, we review the district court's factual findings for clear error and questions of law de novo. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).

Expressing "deep concern over the piecemeal litigation of federal habeas petitions," we have exercised our supervisory authority over district courts and instructed them to resolve all claims raised in habeas petitions, whether habeas relief is granted or denied. Clisby, 960 F.2d at 935-36 (involving a petition for habeas corpus under 28 U.S.C. § 2254). A "claim for relief" is defined as "any allegation of a constitutional violation." Id. at 936. When a district court fails to address all of the claims in a habeas petition, we "will vacate the district court's judgment without

2

prejudice and remand the case for consideration of all remaining claims." Id. at 938. We have also held that district courts must resolve all claims for relief raised in § 2255 motions, in compliance with Clisby, because the legal principles applicable to § 2254 proceedings generally apply to § 2255 motions to vacate. Rhode v. United States, 583 F.3d 1289, 1291 (11th Cir. 2009).

As the government concedes, the district court did not specifically address Gibson's claim that his counsel was ineffective for failing to investigate the status of his state-court sentence at the time of his instant federal offense. Accordingly, we vacate the district court's dismissal of Gibson's § 2255 motion without prejudice, and remand for consideration of his failure-to-investigate claim.

**VACATED AND REMANDED.**