[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10496
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2011
JOHN LEY
CLERK

D.C. Docket Nos. 1:09-cv-00036-WTM,
1:04-cr-00059-DHB-1


CHARLES W. WALKER, SR.,

                                                      Petitioner - Appellant,

                              versus

UNITED STATES OF AMERICA,

                                                      Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 23, 2011)

Before EDMONDSON, BLACK and FAY, Circuit Judges.


PER CURIAM:

Charles W. Walker, Sr., a federal prisoner, appeals the denial of his 28 U.S.C. § 2255 motion to vacate.[1] We granted a certificate of appealability ("COA") on whether the district court violated Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) (en banc), by failing to address Walker's claim that his appellate counsel was ineffective for failing to argue on appeal that Walker's sentence substantively was unreasonable. Reversible error has been shown; we vacate and remand for additional proceedings.

On appeal, Walker argues the merits of his ineffective assistance claim and asks us to decide the claim on the merits instead of remanding to the district court. But the scope of our review is limited to the issues specified in the COA. Murray v. United States, 145 F.3d 1249, 1250 (11th Cir. 1998). So we decide only the issue of whether the district court violated Clisby.

Walker says the district court did not address his entire claim that appellate counsel was ineffective for failing to challenge his sentence as unreasonable and, instead, focused only on the aspect of procedural reasonableness. In considering a district court's denial of a section 2255 motion, we review fact determinations for clear error and questions of law de novo. Lynn v. United States, 365 F.3d 1225,

_____

[1]Walker had been convicted of many counts involving fraud and tax evasion.

2

1232 (11th Cir. 2004).

In Clisby, we wrote that district courts must "resolve all constitutional claims presented in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 before granting or denying relief." 960 F.2d at 934. A "claim for relief" is defined as "any allegation of a constitutional violation;" and allegations of distinct constitutional violations constitute separate claims for relief "even if both allegations arise from the same alleged set of operative facts." Id. at 936. Clisby applies to section 2255 motions. Rhode v. United States, 583 F.3d 1289, 1291 (11th Cir. 2009). A claim that counsel is ineffective constitutes a violation of defendant's Sixth Amendment rights and, thus, is a claim of a constitutional violation. See Strickland v. Washington, 104 S.Ct. 2052, 2063-64 (1984).

We agree with Walker that the district court did not consider Walker's ineffective assistance claim about the substantive reasonableness of his sentence. In his section 2255 motion, Walker complained that his appellate lawyer (1) failed to raise on appeal the trial judge's alleged failure to consider the 18 U.S.C. § 3553(a) sentencing factors and (2) failed to argue that Walker's sentence -- which varied upward from the applicable guidelines range -- was unreasonable.

The district court construed Walker's claim as attacking only the failure to challenge the sentencing procedure. The district court noted that the sentencing

hearing revealed that the trial court had considered the section 3553(a) factors in imposing sentence and concluded that Walker's lawyer was not ineffective for failing to raise a meritless claim on appeal. But the court failed to consider whether counsel was ineffective for not arguing whether the factors supported the upward variance and whether the sentence substantively was reasonable. See Gall v. United States, 128 S.Ct. 586, 597 (2007) (explaining that review for reasonableness is subject to two distinct phases of review: procedural and substantive). And in his section 2255 motion, Walker asserted two distinct constitutional claims based on the same set of facts about consideration of the section 3553(a) factors.[2]

Because the district court did not address all of the claims raised in Walker's section 2255 motion, we vacate the denial of the motion and remand the case for additional proceedings consistent with this opinion. See Clisby, 960 F.2d at 938.

VACATED AND REMANDED.

---

[2]A court's failure to consider the section 3553(a) factors could result in a sentence that is both procedurally and substantively unreasonable. See id. (explaining that the procedural reasonableness inquiry looks at the court's explanation of the section 3553(a) factors while the substantive reasonableness inquiry examines whether the factors actually justified the resulting sentence).