[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14024
Non-Argument Calender

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 1:10-cv-21379-MGC; 1:06-cr-20226-MGC-3

GUILLERMO SANCHEZ-SALAZAR,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida.

_____

(May 2, 2012)

Before TJOFLAT, CARNES, and KRAVITCH, Circuit Judges.

PER CURIAM:

Guillermo Sanchez-Salazar, a federal prisoner acting pro se, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his 292-month prison sentence. The district court denied that motion, and Sanchez-Salazar has appealed, contending that his trial lawyer rendered ineffective assistance.

I.

Sanchez-Salazar was the first mate aboard a Panamanian-flagged vessel when it was "stopped by the United States Coast Guard on the high seas off the coast of Honduras." United States v. Aguilar, 286 F. App'x 716, 718 (11th Cir. 2008) (unpublished). The Coast Guard boarded the vessel and found 2,442 kilograms of cocaine. Id. Sanchez-Salazar was arrested, and a grand jury charged him with conspiracy to possess and possession of cocaine with intent to distribute while aboard a vessel subject to United States jurisdiction in violation of the Maritime Drug Law Enforcement Act, 46 U.S.C. app. §§ 1901–1904 (2006).[1] Aguilar, 286 F. App'x at 717–18. A jury found him guilty.

The presentence investigation report recommended a total offense level of 40, which included a 2-level increase because Sanchez-Salazar was the first mate

---

[1] Six months after Sanchez-Salazar was indicted, Congress recodified the MDLEA, which is now found at 46 U.S.C. §§ 70501–70507. See Act of Oct. 6, 2006, Pub. L. No. 109-304, § 10(2), 120 Stat. 1485, 1658–89. In this opinion, we cite to the pre-recodification version of the MDLEA.

of the cocaine-carrying vessel.  See United States Sentencing Guidelines §

2D1.1(b)(2)(B) (2006).  Combined with his criminal history category of I, his

guidelines range was 292 to 365 months in prison.  The district court adopted the

PSR and sentenced him to 292 months in prison.  Id. at 719–20.  We affirmed

Sanchez-Salazar's convictions and sentence on direct appeal.  Id. at 725.

Sanchez-Salazar then filed a 28 U.S.C. § 2255 motion, raising, among other

things, two ineffective assistance of counsel claims.  He asserted (1) that his trial

lawyer should have argued that the Coast Guard's seizure of his vessel and his

arrest violated the 1988 United Nations Convention Against Illicit Traffic in

Narcotic Drugs and Psychotropic Substances, and (2) that his lawyer should have

objected to the 2-level first-mate increase on the ground that it created an

unwarranted sentence disparity between him and the vessel's chief engineer.  The

district court denied Sanchez-Salazar's motion, and he appealed.

## II.

When reviewing a district court's denial of a § 2255 motion, we review for

clear error the court's findings of fact and review de novo its application of the

law to those facts.  Rhode v. United States, 583 F.3d 1289, 1290 (11th Cir. 2009).

To prevail on his ineffective assistance of counsel claims, Sanchez-Salazar must

show that (1) his lawyer's performance was deficient and (2) the deficiency

3

prejudiced him. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To show that his lawyer's performance was deficient, he must show that the representation fell below "an objective standard of reasonableness . . . under prevailing professional norms." Id. at 688, 104 S.Ct. at 2064. To show prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068.

Sanchez-Salazar contends that his lawyer was unconstitutionally ineffective by not arguing that the Coast Guard's search of his vessel and his arrest violated the U.N. Convention. The MDLEA, though, provides that a person charged with violating that statute "does not have standing to raise a claim of failure to comply with international law as a basis for a defense." 46 U.S.C. app. § 1903(d); see United States v. Matos-Luchi, 627 F.3d 1, 6 (1st Cir. 2010) ("The defendants are not entitled to raise a violation of international law as an objection [to prosecution under the MDLEA] . . . ." (citation omitted)). So Sanchez-Salazar cannot establish that his lawyer's alleged deficiency was prejudicial.

Sanchez-Salazar also contends that his lawyer was unconstitutionally ineffective by not objecting to the 2-level first-mate increase he received under U.S.S.G. § 2D1.1(b)(2)(B) on the ground that the increase created an unwarranted

4

sentence disparity between him and the vessel's chief engineer, who did not receive the same increase. He, however, cannot show that the lawyer's failure to object on that ground was deficient under <u>Strickland</u>. At sentencing and on direct appeal, his lawyer argued that the first-mate increase was improper because the cocaine was being imported to Belize and not to the United States, but we—and the district court—rejected that argument. <u>Aguilar</u>, 286 F. App'x at 723–24. Sanchez-Salazar has not shown that his lawyer's decision to make an importation-based argument against the 2-level increase and not a disparity-based one falls below "an objective standard of reasonableness . . . under prevailing professional norms." <u>Strickland</u>, 466 U.S. at 688, 104 S.Ct. at 2064. Nor has he shown prejudice.

    **AFFIRMED.**