[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14209
Non-Argument Calendar

_____

D.C. Docket Nos. 9:12-cv-80340-KLR; 9:11-cr-80012-KLR-1

THOMAS BURGESS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(July 13, 2015)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas Burgess, a federal prisoner proceeding pro se, appeals the district

court's denial, following an evidentiary hearing, of his 28 U.S.C. § 2255 motion to

vacate his conviction and 125-month sentence for possession with intent to distribute cocaine.  After review, we vacate and remand for further consideration consistent with this opinion.[1]

In Clisby v. Jones, this Court instructed district courts to resolve all claims for relief raised in a petition for writ of habeas corpus prior to granting or denying relief.  960 F.2d 925, 936 (11th Cir. 1992) (en banc) (involving state prisoner's 28 U.S.C. § 2254 petition); see Rhode v. United States, 583 F.3d 1289, 1291-92 (11th Cir. 2009) (applying Clisby to a federal prisoner's § 2255 motion).  If the district court does not address all claims prior to issuing judgment, this Court "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims."  Clisby, 960 F.2d at 938.

Burgess argues, and the government concedes, that the district court failed to address a number of ineffective-assistance-of-counsel claims raised in his counseled amended § 2255 motion filed on May 10, 2013.  We agree that the district court failed to address Burgess's constitutional claims that trial counsel

---

[1]We recognize that the certificate of appealability ("COA") in this case—granted on whether the district court violated Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) (en banc), by failing to address several "federal constitutional claims" raised by Burgess—does not expressly identify the constitutional claims for which Burgess has satisfied the standard of making "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2), (c)(3); Spencer v. United States, 773 F.3d 1132, 1137-38 (11th Cir. 2014) (en banc).  However, the government has not raised the issue of a potentially defective COA.  Although we could sua sponte raise the defective COA issue, we exercise our discretion not to do so because, under the totality of the circumstances of this particular case, the COA sufficiently indicates that Burgess made a substantial showing of the denial of a constitutional right with the claims raised in his May 2013 amended § 2255 motion.

rendered ineffective assistance in failing to (1) advise Burgess that he could plead guilty without a plea agreement ("Ground I.E"), (2) research and advise Burgess about the Fair Sentencing Act of 2010 ("Ground I.G"), (3) object to the presentence investigation report's assessing criminal history points for two prior offenses for which Burgess was "never lawfully arrested" ("Ground I.L"), and (4) argue at sentencing that Burgess's criminal history category overrepresented the seriousness of his criminal history ("Ground IV").

As to the first two claims listed above, the government argues that the district court considered the claims "indirectly" because the court addressed the factual bases supporting these claims in resolving other claims. However, even assuming that the district court made some findings arguably relevant to these claims, the district court never identified these as claims raised by Burgess, resolved the ultimate issue of whether counsel was ineffective, or otherwise disposed of the claims on timeliness or other procedural grounds.

The government also contends that the Clisby violation was "harmless" because the unaddressed claims were "patently without merit." We decline the government's invitation to consider the merits of the unaddressed claims. Under Clisby, our role is to vacate the judgment "without prejudice" and remand to the district court for consideration of the unaddressed claims in the first instance. See

3

<u>Clisby</u>, 960 F.2d at 938 (noting that we will vacate and remand "<u>whenever</u> the district court has not resolved all such claims" (emphasis added)).

Accordingly, we vacate the judgment without prejudice and remand this case for further proceedings consistent with this opinion, including, but not limited to, a consideration of the timeliness of the unaddressed claims under the Antiterrorism and Effective Death Penalty Act of 1996. We express no opinion as to the merits, or the timeliness, of the unaddressed claims.[2]

**VACATED AND REMANDED.**

---

[2]Burgess filed his initial § 2255 motion <u>pro se</u>, but the district court appointed him counsel when it granted him an evidentiary hearing. Burgess moved to discharge his counsel on appeal, and this Court granted the motion. That is how he became <u>pro se</u> on appeal.