[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13858
Non-Argument Calendar
_____

D.C. Docket Nos. 9:16-cv-81392-DTKH,
9:14-cr-80081-DTKH-4

CRAIG ALLEN HIPP,

 Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

 Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 19, 2018)

Before ROSENBAUM, NEWSOM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Craig Hipp, a federal prisoner proceeding *pro se*, appeals from the district court's denial of his 28 U.S.C. § 2255 motion to vacate and motion for reconsideration. We issued a certificate of appealability ("COA") as to whether the district court misconstrued the claim asserted in ground two of his § 2255 motion alleging ineffective assistance of counsel, or violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (*en banc*), by failing to properly address that claim.

In ground two of his § 2255 motion, Hipp asserted that his counsel was ineffective for failing to move for a continuance pending the effective date of Amendments 792 and 794 to the Sentencing Guidelines. In denying Hipp's § 2255 motion, the district court addressed Hipp's arguments relating to Amendment 794, but it did not reference Amendment 792. Hipp now argues, and the government agrees, that the court failed to resolve his ineffective-assistance claim relating to Amendment 792, and thereby violated the rule of *Clisby*.[1]

District courts must resolve all claims for relief raised in a motion to vacate pursuant to § 2255, regardless of whether habeas relief is granted or denied. *See Clisby*, 960 F.2d at 936 (addressing § 2254 petitions); *see Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (extending *Clisby* to § 2255 motions). A claim for relief is "any allegation of a constitutional violation." *Clisby*, 960 F.2d at

---

[1] We do not address Hipp's other challenges to the denial of his 28 U.S.C. § 2255 motion because they are outside the scope of the COA. *See McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011) ("[T]he scope of our review of an unsuccessful § 2255 motion is limited to the issues enumerated in the COA.").

2

936.  A defendant alleges a constitutional violation, and therefore a claim for relief, when he alleges that counsel provided ineffective assistance in violation of his Sixth Amendment rights.  *See Strickland v. Washington*, 466 U.S. 668, 685–86 (1984).

We cannot consider claims that the district court has not resolved in the first instance.  *See Clisby*, 960 F.2d at 935 ("[R]espondent urged us to consider the ineffective assistance claims not addressed by the district court.  This we clearly cannot do.").  Instead, when a district court fails to address all claims in a motion to vacate, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims."  *Id.* at 938.

Here, we agree with Hipp and the government that the district court violated *Clisby* by failing to address his ineffective-assistance claim based on counsel's failure to move for a continuance pending the effective date of Amendment 792. The court addressed that same argument as it related to Amendment 794, concluding that Hipp could not establish prejudice, but the court's reasoning on that issue does not apply to Amendment 792, and the court did not otherwise reference that amendment.  Accordingly, as both parties request, we vacate the district court's judgment without prejudice and remand the case for consideration of Hipp's claim relating to Amendment 792.  *See id.*

**VACATED AND REMANDED.**