[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14128
Non-Argument Calendar

_____

D.C. Docket Nos. 1:17-cv-02803-SCJ; 1:14-cr-00106-SCJ-LTW-3

ALLEN PARHAM,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 28, 2018)

Before MARTIN, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Allen Parham, a federal prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate. Reversible error has been shown; we vacate the judgment and remand for further proceedings.

Parham pleaded guilty to conspiracy to commit bank fraud. In pertinent part, Parham's written plea agreement contained an appeal waiver pursuant to which Parham agreed to waive his "right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground . . .."

Parham later filed the pro se section 2255 motion at issue in this appeal. Among other things, Parham contended that -- due to his lawyer's ineffective assistance -- Parham's guilty plea was neither knowing nor voluntary. As a result, Parham argued that the collateral-attack waiver in his plea agreement was unenforceable.

Upon preliminary screening -- and without requiring the government to respond to Parham's motion -- the magistrate judge issued a report and recommendation ("R&R"). The magistrate judge determined that Parham had failed to provide sufficient factual support for his "vague and conclusory" claim that his guilty plea was the product of ineffective assistance of counsel. The

magistrate judge also relied on Parham's sworn statements at the plea hearing as evidence that Parham's plea was entered knowingly and voluntarily. As a result, the magistrate judge concluded that the plea agreement's collateral-attack waiver barred Parham from challenging his sentence and recommended that Parham's section 2255 motion be dismissed.

The magistrate judge then advised that "each party may file written objections, if any, to the Report and Recommendation." The government filed no objections.

In Parham's timely-filed objections to the R&R, he provided additional factual details in support of his ineffective-assistance-of-counsel claim. Parham said that he told his lawyer that he wanted the appeal waiver provision struck from the plea agreement. In response, Parham's lawyer told Parham that the appeal waiver language was "standard" to all plea agreements and would not in fact restrict Parham's ability to appeal his conviction and sentence. Parham said he signed the plea agreement and entered his guilty plea in reliance on his lawyer's advice without fully understanding the nature of the appeal waiver.

The district court adopted the R&R and dismissed Parham's section 2255 motion. The district court also declined expressly to consider the additional factual allegations made in Parham's objections to the R&R because Parham had failed to

3

first present the evidence in his section 2255 motion. The district court denied Parham a certificate of appealability ("COA").

This Court -- citing to Burgess v. United States, 847 F.3d 1292 (11th Cir. 2017) -- granted Parham a COA on this issue: "Whether the district court erred by sua sponte invoking Parham's collateral-attack waiver contained in his plea agreement without first providing the government an opportunity to respond."

In reviewing the denial of a section 2255 motion, we review de novo the district court's legal conclusions and review for clear error the district court's factual findings. Rhode v. United States, 583 F.3d 1289, 1290 (11th Cir. 2009). We construe liberally pro se pleadings. Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2014).

In Burgess, we concluded that a district court may not sua sponte invoke a collateral-action waiver in a plea agreement as a means to dismiss a section 2255 motion. 847 F.3d at 1293, 1301. Applying the Federal Rules of Civil Procedure, we said that "the government's response to a § 2255 motion must expressly invoke a collateral-action waiver" or else "the government may be deemed to have forfeited the defense." Id. at 1297. Yet -- when a collateral-action waiver exists and the government has not invoked the waiver as a defense -- the district court may "ask the government to state whether it intends to rely on the waiver" and, "if

the government decides to do so, the district court must provide the movant with an opportunity to respond and be heard on the issue." Id. at 1301.

Here, the government filed no response to Parham's section 2255 motion and filed no objections to the R&R. Nor did the district court ask the government whether it intended to rely on the plea agreement's collateral-attack waiver. On appeal, the government contends that its silence in response to the R&R evidenced its intent to rely on the plea agreement's collateral-attack waiver. That silence is not enough: affirmative defenses (including collateral-attack waivers) must be "affirmatively" and "expressly" invoked. See Fed. R. Civ. P. 8(c) (requiring parties to "affirmatively state any avoidance or affirmative defense, including . . . waiver."); Burgess, 874 F.3d at 1297 (the government "must expressly invoke a collateral-action waiver" to avoid forfeiting the waiver defense).

In the light of our decision in Burgess, we vacate the district court's dismissal of Parham's section 2255 motion and remand for further proceedings.[*]

VACATED AND REMANDED.

---

[*] The scope of this appeal is limited to the issue identified in the COA: whether the district court erred by sua sponte invoking the collateral-attack waiver. See Rhode, 583 F.3d at 1290-91. In deciding this appeal, we make no determination about the voluntariness of Parham's guilty plea or about the enforceability of the plea agreement's collateral-attack waiver. We also do not address the arguments Parham raises challenging his sentence.