[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 21-12952

Non-Argument Calendar

————————————

RONNIE MONTSDEOCA,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81958-DMM

————————————

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Ronnie Montsdeoca, proceeding *pro se*, appeals the United States District Court for the Southern District of Florida's denial of his motion to vacate under 28 U.S.C. § 2255. In that motion, Montsdeoca argued that his counsel was ineffective on eight separate grounds. The eighth ground, which he added by a later amendment, alleged that his counsel abandoned his direct appeal.

In the instant appeal, Montsdeoca requests that this Court grant his § 2255 motion to vacate and dismiss his criminal indictment with prejudice. He largely argues the merits of his grounds for direct appeal, but he also notes that the District Court, in its order denying his motion to vacate, did not address his eighth ground for relief. We granted a certificate of appealability ("COA") as to whether the District Court violated *Clisby v. Jones* by failing to address Montsdeoca's eighth claim. 960 F.2d 925, 935-36, 938 (11th Cir. 1992) (holding that, when a district court fails to resolve all claims for relief that a habeas petitioner raises, this Court will vacate the judgment and remand the case for consideration of all remaining claims).

On February 5, 2021, Montsdeoca filed a motion for leave to amend his complaint to add an eighth ground for relief. The District Court granted Montsdeoca's motion on March 18. The District Court's final order denying Montsdeoca's § 2255 motion,

however, refers only to Montsdeoca's *seven* grounds for relief. Order Den. Mot. to Vacate, Doc. 40 at 1, 5.

When reviewing a district court's denial of a § 2255 motion, we typically review findings of fact for clear error and questions of law *de novo*. *Rhode v. United States*, 583 F.3d 1289, 1290 (11th Cir. 2009). The scope of review is limited to the issues specified in the COA. *Id.* at 1290-91.

We have held that district courts must resolve all claims for relief that a habeas petitioner raises, and when a district court fails to do so, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Clisby*, 960 F.2d at 935–36, 938 (addressing a 28 U.S.C. § 2254 petition); *see also Rhode*, 583 F.3d at 1291 (applying *Clisby* in the § 2255 context). Allegations of distinct constitutional violations constitute separate claims for relief, "even if both allegations arise from the same alleged set of operative facts." *Clisby*, 960 F.2d at 936. A district court violates *Clisby* when a petitioner asserts facts showing specific failures of counsel, and the district court addresses some, but not all, of the alleged failures. *Rhode*, 583 F.3d at 1291-92.

We liberally construe *pro se* filings, "including *pro se* applications for relief pursuant to § 2255." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014). Whether or not an appellant is *pro se*, he forfeits an issue on appeal by failing to address it in his opening brief. *Sapuppo v. Allstate Floridian Ins. Co.*,

739 F.3d 678, 682-83 (11th Cir. 2014).  However, we may review an issue *sua sponte* in extraordinary circumstances, including when:

> (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern.

*United States v. Campbell*, 26 F.4th 860, 872–73 (11th Cir.) (en banc) (addressing abandonment in a criminal matter), *cert. denied*, (U.S. Oct. 3, 2022) (No. 21-1468).  In *Campbell*, we determined that the proper resolution of the issue was beyond any doubt because it had "all the findings of fact necessary to consider" the issue that the appellant failed to address in his opening brief, and the "purely legal conclusion jump[ed] off the page."  *Id.* at 875, 877.

Although Montsdeoca does not address specifically in his appellate brief whether the District Court violated *Clisby*, we review the issue *sua sponte* because the proper resolution is beyond any doubt.  The Court's order referred to Montsdeoca's "seven grounds," Order Den. Mot. to Vacate, Doc. 40 at 1, and his "seven claims."  *Id.* at 5.  The order also enumerated each of the claims brought by Montsdeoca, and again only listed seven claims.

21-12952                Opinion of the Court                5

Upon review of the record and the parties' briefs,[1] we conclude that the District Court did not address Montsdeoca's eighth ground for relief, and therefore, did not resolve all of his claims. We vacate the District Court's judgment without prejudice and remand the case for consideration of Montsdeoca's eighth ground for relief.

**VACATED** and **REMANDED.**

---

[1] In its brief, the Government agrees that the District Court violated *Clisby* when it failed to address Montsdeoca's eighth claim and requests that this Court vacate the District Court's judgment and remand the case for the purpose of allowing the District Court to address that claim.  Appellee's Br. at 4-5.