[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-14226

Non-Argument Calendar

————————————————

CHRISTOPHER G. DICKERSON,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 6:20-cv-00263-PGB-GJK,
6:17-cv-00123-PGB-GJK-1

—————————————

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Dickerson, a federal prisoner, appeals the district court's denial of his *pro se* 28 U.S.C. § 2255 motion to vacate his sentence. We granted a certificate of appealability ("COA") on one issue: whether the district court erred by rejecting Dickerson's Claim 6, that his trial counsel performed ineffectively by failing to request a full evaluation or competency hearing prior to trial, without an evidentiary hearing. We also appointed counsel. On appeal, Dickerson argues that given the evidence in the record of his mental health issues, an objectively reasonable defense counsel would have called into question his ability to understand the nature of the proceedings against him. Thus, he reasons, the district court erred by failing to conduct an evidentiary hearing on his claim that his counsel provided ineffective assistance by failing to have his competency evaluated prior to trial and sentencing.

When reviewing the denial of a § 2255 motion, we review the district court's factual findings for clear error and questions of law *de novo*. *Rhode v. United States*, 583 F.3d 1289, 1290 (11th Cir. 2009). We liberally construe *pro se* filings, "including *pro se* applications for relief pursuant to § 2255." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014). We review for an abuse of discretion the denial of an evidentiary hearing in a motion to

vacate a sentence under § 2255. *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Id.* (quotation marks omitted).

A prisoner in federal custody may move to vacate, set aside, or correct his sentence pursuant to § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Section 2255 states that the district court "shall" hold a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b). "A petitioner need only *allege*—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Winthrop-Redin*, 767 F.3d at 1216 (quotation marks omitted). A petitioner is not entitled to an evidentiary hearing if his "allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *Id.* (quotation marks omitted). Although we generally prefer that a district court hold an evidentiary hearing, we have affirmed a district court's denial of a § 2255 motion where the movant failed to show that counsel's alleged deficient performance prejudiced him. *See Rosin v. United States*, 786 F.3d 873, 879 (11th Cir. 2015).

To be competent to stand trial, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable

degree of understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Lawrence v. Sec'y, Fla. Dep't of Corr.*, 700 F.3d 464, 480-81 (11th Cir. 2012) (quotation marks omitted). A petitioner is not entitled to a presumption of incompetency and must demonstrate his incompetency by a preponderance of the evidence. *Id.* at 481. "[T]he standard of proof is high," and the facts must "positively, unequivocally and clearly generate the legitimate doubt." *Card v. Singletary*, 981 F.2d 481, 484 (11th Cir. 1992) (quotation marks omitted).

In *Brumfield*, the Supreme Court concluded that a prisoner's IQ score of 75 was "squarely in the range of potential intellectual disability." *Brumfield v. Cain*, 576 U.S. 305, 315 (2015). The Court held that a state post-conviction court's determination that the IQ score demonstrated that the prisoner could not possess subaverage intelligence constituted an unreasonable determination of the facts. *Id.* at 314.

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI. A defendant is entitled to the effective assistance of counsel not only during the guilt or innocence phase of a criminal trial, but also during sentencing, resentencing, and on direct appeal. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish ineffective assistance of counsel, a petitioner must show that (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced his defense. *Id.* at 687. Failure to establish either prong of the *Strickland* test is fatal and makes it unnecessary for us to

consider the other. *Id.* at 697. Deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* It is presumed that a petitioner's counsel acted competently, and the petitioner must prove that his attorney's representation was unreasonable under prevailing professional norms. *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (*en banc*). To make such a showing, a defendant "must establish that no competent counsel would have taken the action that his counsel did take." *Id.* at 1315. Prejudice occurs when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

We consider whether a reasonable attorney should have been on notice that a competency evaluation was necessary when determining if he rendered ineffective assistance by failing to obtain one. *See Devier v. Zant*, 3 F.3d 1445, 1451 (11th Cir. 1993). An attorney's decision not to pursue a claim of incompetency does not amount to prejudice unless a petitioner can raise a real, substantial, and legitimate doubt as to his mental competency at the time of trial. *Adams v. Wainwright*, 764 F.2d 1356, 1367 (11th Cir. 1985), *abrogated on other grounds as recognized in Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021). Evidence of incompetence "must indicate a present inability to assist counsel or understand the charges." *Medina v. Singletary*, 59 F.3d 1095, 1107 (11th Cir. 1995). Absent evidence of such an inability, evidence of low

intelligence, mental deficiency, bizarre, volatile, or irrational behavior, or the use of anti-psychotic drugs is not sufficient to show incompetence to stand trial. *Id.*

"[U]nder certain circumstances, trial counsel's failure to apprise the court of a client's changing mental state—thereby depriving the court of critical information regarding its own potential duty to hold a [competency] hearing—can constitute ineffective assistance." *Johnston v. Singletary*, 162 F.3d 630, 635 (11th Cir. 1998). To establish deficient performance in this context, a defendant must show that his counsel failed to bring information raising a *bona fide* doubt regarding his competency to the trial court's attention when every reasonable attorney would have done so. *See Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 751 (11th Cir. 2010). Further, to establish prejudice, he must show that "there was a reasonable probability that he would have received a competency hearing *and* been found incompetent had counsel requested the hearing." *Lawrence*, 700 F.3d at 479.

Here, the district court abused its discretion in denying Dickerson's ineffective-assistance claim without holding an evidentiary hearing. The district court was required to hold an evidentiary hearing on Dickerson's motion because the record did not conclusively show that he was entitled to no relief. *See* 28 U.S.C. § 2255(b). In his motion, Dickerson alleged that counsel was ineffective for not requesting a competency hearing because: his IQ was below 60; he was "mentally retarded with a non-violent abnormal behavioral attitude and personality"; he could not read or write at

21-14226               Opinion of the Court                    7

a normal level; and it would have been obvious that he suffered from serious mental disorders if he was evaluated by a mental health professional.  Since Dickerson filed his § 2255 motion pro se, his motion was entitled to liberal construction.  *See Winthrop Redin*, 767 F.3d at 1215.  If true, these facts, as liberally construed, would arguably entitle Dickerson to relief.  *Id.* at 1216.

The district court concluded that nothing in the record supported a finding that Dickerson did not have the ability to consult with his lawyer with a reasonable degree of rational understanding. However, the only thing that the district court could point to in the record was Dickerson's response of "Yes, sir" when asked whether it was his decision not to testify on his own behalf and whether he consulted with his counsel about that decision.  Based on that one statement, the district court concluded that Dickerson "was able to understand and communicate with the Court" and thus failed to demonstrate that his trial counsel was deficient for failing to request a competency evaluation.  However, it is unclear what evidence Dickerson could have cited because counsel did not raise the competency issue and thus no competency hearing was held.  Regarding the deficient performance prong of the *Strickland* analysis, Dickerson needed to demonstrate that "no competent counsel" would have declined to request a competency evaluation.  *Freixas*, 332 F.3d at 1319-20.  To make that showing, Dickerson needed an evidentiary hearing to ask Dickerson's counsel what he knew regarding Dickerson's competency throughout the course of the representation and why he did not request a competency evaluation.

Further, the record does contain evidence detailing Dickerson's limited mental capacity. For example, Dickerson's sister informed the probation officer that Dickerson was unable to work for his entire adult life and had been on disability since he was a child because of his mental issues. She confirmed that Dickerson had suffered from various mental health issues throughout his childhood, took medication, and attended counseling. The PSI also indicated that Dickerson had a limited, alternative education because of mental health issues throughout his childhood. Dickerson noted in his sentencing memorandum that he suffered from learning disabilities and had collected disability payments for most of his life. Similarly, at the sentencing hearing, Dickerson's counsel argued in mitigation that he had a "limited education" and was on "disability for the majority of his life" because of his mental health issues. Dickerson's sister also testified that he "always had difficulty" in school and required special attention because of his mental issues.

Moreover, if Dickerson's allegations are true regarding his IQ and inability to read or write, his counsel arguably should have been on notice that a competency evaluation was necessary. *See Devier*, 3 F.3d at 1451. Presumably, Dickerson's inability to read various legal documents presented to him by his counsel would have been discovered early in the attorney-client relationship. Also, the Supreme Court has indicated that an IQ of 75 is "squarely in the range of potential intellectual disability." *Brumfield*, 576 U.S. at 315. If Dickerson's IQ truly is below 60 as he claims, that would

have raised serious doubts as to his ability to understand the nature of the proceedings against him. *See Medina*, 59 F.3d at 1107. Dickerson's allegations, if true, support a claim that Dickerson's counsel rendered ineffective assistance in deciding not to request a competency evaluation. *See Devier*, 3 F.3d at 1451. Additionally, it is unclear whether Dickerson was prejudiced by his trial counsel's decision to not pursue an evaluation or competency hearing because the district court denied his request to hold an evidentiary hearing on the § 2255 claim where those problems could have been addressed. *See Lawrence*, 700 F.3d at 479.

We conclude that the record does not conclusively show that Dickerson is not entitled to relief on his ineffective assistance of counsel claim. Accordingly, we vacate the district court's order and remand for an evidentiary hearing on Dickerson's ineffective-assistance claim.

**VACATED AND REMANDED.**