[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13254

Non-Argument Calendar

_____

WILLIS MAXI,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-24209-DLG

_____

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Willis Maxi, proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion. He asserts that he was denied a full and fair suppression hearing when his prior attorney failed to call him to the stand to establish that he had not voluntarily consented to police entering the stash house where he was arrested.[1] He also argues that he was entitled to a post-conviction evidentiary hearing because his assertions were not patently frivolous, affirmatively contradicted by the record, or impermissibly generalized. After careful consideration, we affirm the district court's denial.

## I

The issues presented in this appeal stem from the search of a Florida residence at which Maxi was present. Police received a tip that the residence was being used as a "stash house." Officers approached the house and knocked. The officers contend that no one announced "police." Maxi, who was in the house at the time, immediately opened the door. The officers questioned Maxi, who

---

[1] Maxi also complains that his counsel failed to include the allegations from his affidavit in his motion to suppress. But because this Court's certificate of appealability covers only the question whether Maxi's counsel was deficient for failing to elicit testimony from him at the suppression hearing, we do not address the affidavit issue. *See Rhode v. United States*, 583 F.3d 1289, 1290–91 (11th Cir. 2009).

stated he did not live at the residence.  Later, a search warrant was obtained and evidence seized from the house.  Maxi was taken into custody and informed of his *Miranda* rights.  He then confessed to working for the drug-trafficking organization as a "cut man."  Ultimately, a jury convicted Maxi of four counts of drug-trafficking and firearms offenses, and the district court sentenced him to a total term of 312 months' imprisonment.

Before trial, Maxi moved to suppress physical evidence seized following a warrantless entry into the residence on the ground that the police lacked probable cause or exigent circumstances.  The denial of that motion is the basis of the § 2255 motion at issue here.  Maxi filed a *pro se* motion to vacate his 312-month sentence, arguing that his prior counsel was ineffective for failing to elicit testimony from him that he did not voluntarily consent to law enforcement's entry into the stash house where he was arrested.

At the hearing, Maxi's counsel cross-examined the government's witnesses and called four officers as witnesses.  Maxi testified on his own behalf.  His testimony centered around his association with the stash house and the scope of his access to the house.  Based on testimony from the other witnesses showing the number of officers present at the scene and that their guns were drawn, Maxi's lawyer argued that Maxi's consent was not voluntary.  The magistrate judge issued a report and recommendation that the motion be denied, finding that Maxi opened the door to the stash house voluntarily and not under a show of police authority.

In the district court, Maxi argued that his counsel was ineffective because counsel failed to question Maxi during the suppression hearing about his observations at the time of the arrest and search. In support of his argument, Maxi presented an affidavit stating that sometime "prior to trial" he gave information to his lawyer about the encounter with police at the stash house that should have been presented in the hearing.[2]

The government responded that Maxi's prior counsel's failure to call him to testify did not rise to the level of constitutionally ineffective assistance of counsel because his would-be testimony was not persuasive and in fact could have been harmful to him. The government argued that Maxi's testimony would be tempered by self-interest and that two witnesses contradicted his version of events. Therefore, the government argued, it was reasonable for Maxi's counsel to conclude that the testimony was not helpful.

The district court issued an order denying Maxi's § 2255 motion, stating that he was not entitled to relief because he could not show that any deficiency in his lawyer's performance prejudiced him. And the district court denied Maxi's request for an evidentiary hearing on the ground that he did not demonstrate that he was entitled to one. The district court declined to issue a certificate of appealability. Maxi filed a motion for reconsideration, which the

---

[2] For example, Maxi claims he told counsel that he "heard a loud pounding at the door," and that when he looked through the peephole, he saw "several officers" with "guns drawn" and heard "about 10 police" screaming "This is the police! Open the door so we can talk to you."

district court also denied.  Maxi appealed, and a member of this Court granted him a certificate of appealability on the issue before us now.

## II

In a proceeding on a § 2255 motion, we review the district court's factual findings for clear error and the legal issues *de novo*. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  We review a district court's denial of an evidentiary hearing on a § 2255 motion for an abuse of discretion.  *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).  "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous."  *Id.* (quotation marks omitted).

To show ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant.  Deficient performance occurs when counsel's representation falls below an objective standard of reasonableness, and a defendant is prejudiced when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).  A court reviewing an ineffective-assistance claim need not address both components of the inquiry if the defendant fails to show one of them.  *Id.* at 697.  A petitioner cannot establish an ineffective-assistance claim by merely pointing to additional evidence that

could have been presented. *Rhode v. Hall*, 582 F.3d 1273, 1284 (11th Cir. 2009). And generally, a determination about which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess. *See Strickland*, 466 U.S. at 690–91 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ."); *Sanchez v. United States*, 782 F.2d 928, 935 (11th Cir. 1986) ("When a lawyer makes an informed choice between alternatives, his tactical judgment will almost never be overturned on habeas corpus."). A petitioner is entitled to an evidentiary hearing if he alleges reasonably specific, non-conclusory facts that, if true, would entitle him to relief. *Winthrop-Redin*, 767 F.3d at 1216. "However, a district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *Id.* (quotation marks omitted)

Here, the district court did not err in finding that Maxi failed to establish that his prior counsel was ineffective. Maxi argues that his counsel should have elicited more testimony from him—but Maxi cannot establish an ineffective-assistance claim merely by pointing to additional evidence that could have been presented. *Rhode*, 582 F.3d at 1284. And counsel's strategic decision about whether to question Maxi about his observations during the police search was within the range of reasonable strategic decisions. Maxi failed to establish that his lawyer's decision not to have him testify fell below an objective standard of reasonableness, given that his testimony would have been contradicted by two other witnesses.

22-13254               Opinion of the Court                    7

*See Rhode*, 582 F.3d at 1284; *Strickland*, 466 U.S. at 687–88.  Moreover, Maxi failed to show that he was prejudiced by his counsel's decision, given that his lawyer had already argued that Maxi was afraid and intimidated by police into opening the door, which is the same thing to which Maxi would have testified.  The magistrate judge rejected this argument, and Maxi has not shown how his testimony would have changed the judge's view of the case.

Maxi's separate argument that he was entitled to an evidentiary hearing fails because the testimony he sought to introduce was affirmatively contradicted by two witnesses.  *See Winthrop-Redin*, 767 F.3d at 1216.

**AFFIRMED.**