[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13593

Non-Argument Calendar

_____

USA,

Plaintiff-Appellee,

*versus*

RIGOBERTO CABRERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:13-cr-20339-JIC-1

_____

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and KIDD, Circuit Judges.

PER CURIAM:

Rigoberto Cabrera appeals *pro se* the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). He argues that the district court erred in denying his motion because it failed to consider changes in his health and the law in determining whether he was eligible for relief. He also argues that the district court abused its discretion in weighing the statutory sentencing factors, *id.* § 3553(a), because it relied on a clearly erroneous finding that he had served less than half of his sentence and its analysis did not address his changed circumstances. We affirm.

We review the denial of an eligible prisoner's motion for compassionate release for abuse of discretion. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures, makes findings of fact that are clearly erroneous, or commits a clear error of judgment. *United States v. Harris*, 989 F.3d 908, 911–12 (11th Cir. 2021). A district court may grant compassionate release if the statutory sentencing factors, 18 U.S.C. § 3553(a), favor doing so; there are extraordinary and compelling reasons for release; and release is consistent with the applicable policy statement. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). The absence of even one of these requirements forecloses a sentence reduction. *See id.* at 1237–38. The weight given to each

statutory sentencing factor is "committed to the sound discretion of the district court." *Id*. at 1241 (citation and internal quotation marks omitted). "The district court is not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021). "An acknowledgment that [it] has considered the defendant's arguments and the § 3553(a) factors will suffice." *Id*. at 1354–55 (citation and internal quotation marks omitted, alteration adopted).

The district court did not abuse its discretion in denying Cabrera's motion based on the statutory sentencing factors. *See* 18 U.S.C. § 3553(a). Its finding that Cabrera had served less than half of his sentence was not clearly erroneous. Cabrera argues that he had good time credit and credit for time served such that he had served 88 percent of his sentence. But "[a]n award of good time credit by the Bureau of Prisons (BOP) does not affect the length of a court-imposed sentence; rather, it is an administrative reward to provide an incentive for prisoners to comply with institutional disciplinary regulations." *Pepper v. United States*, 562 U.S. 476, 501 n.14 (2011) (citation and internal quotation marks omitted, alteration adopted). And his good time credit has not yet vested and "may be revoked at any time before the date of [his] release." *Id*. (citing 18 U.S.C. § 3624(b)(2)). Because his good time credit does not affect the length of his sentence, the finding that he had only served half of his sentence was not clearly erroneous.

And the district court was not required to address all of Cabrera's mitigating evidence when weighing the statutory

4                    Opinion of the Court                    24-13593

sentencing factors. *See Taylor*, 997 F.3d at 1354. It was sufficient that the district court stated it had considered his motion and the statutory sentencing factors. *See id.* at 1354–55. The record supports the conclusion that the statutory sentencing factors did not favor release because Cabrera had served a small percentage of his sentence and had a history of recidivism, and "[t]o determine otherwise would undermine respect for the law, protection of the public from further crimes, and deterrence of criminal conduct." *See* 18 U.S.C. § 3553(a)(1)-(2). Cabrera led a tax fraud scheme generating a loss of over $10 million. He planned the scheme while incarcerated for another offense, had previously violated probation multiple times, and committed the instant offense while on supervised release. The district court acted within its discretion in deciding to weigh Cabrera's history of recidivism and the need to protect the public, promote respect for law, and promote deterrence more heavily than any mitigating circumstances. *See Tinker*, 14 F.4th at 1241.

We need not address whether Cabrera's changed legal and medical circumstances made him eligible for relief. The district court assumed that Cabrera had established extraordinary and compelling reasons for release. It denied relief based on the statutory sentencing factors alone. *See id.* at 1237–38. And Cabrera's contention that the district court failed to address all his arguments under *Clisby v. Jones*, 960 F.2d 925 (11th Cir 1992) (en banc), fails because *Clisby* applies only in habeas proceedings. *See Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009).

We **AFFIRM** the denial of Cabrera's motion.