[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10542
Non-Argument Calendar

_____

D.C. Docket Nos. 0:20-cv-60106-WPD; 0:15-cr-60209-WPD-2

DAN KENNY DELVA,

Movant-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 25, 2021)

Before MARTIN, NEWSOM and BRANCH, Circuit Judges.

PER CURIAM:

Dan Delva, proceeding *pro se*, appeals the district court's order denying his motion to vacate his sentence and conviction under 28 U.S.C. § 2255. He raises four issues on appeal. First, Delva argues that his trial counsel was ineffective for failing to file a motion to sever his trial from that of his brother and co-defendant, Bechir. Second, he asserts that his trial counsel was ineffective for failing to file a motion to suppress evidence seized during a search of a residence and vehicle. Third, he argues that his 84-month sentence is unreasonable and that his counsel was ineffective for failing to object to his sentencing enhancement. Fourth, he asserts that his counsel was ineffective for advising him to proceed to trial instead of pleading guilty in exchange for 24 months' imprisonment. For the reasons explained below, we affirm.

## I

## A

The underlying facts and procedural history of this case are thoroughly described in this Court's previous opinion dealing with Delva's direct appeal, *United States v. Delva*, 922 F.3d 1228 (11th Cir. 2019). We will therefore only briefly describe the events relevant to Delva's § 2255 motion to vacate.

A Florida grand jury charged Delva and his brother Bechir with multiple counts related to an identity-theft and tax-fraud scheme. Following an undercover operation targeting Delva and Bechir, federal agents interviewed Bechir after

giving him a *Miranda* warning.  During that interview, Bechir told agents that (1) he had obtained all of the personal identifying information (PII) of numerous individuals found by law enforcement during the investigation; (2) he had used the PII to file fraudulent tax returns; (3) he would receive the tax refunds from the fraudulent returns on debit cards; (4) firearms found during a search of a residence that Delva and Bechir were using to carry out their activities belonged to Delva; and (5) the brothers kept the firearms for their own protection.  To avoid prejudicing Delva at trial, the government agreed to redact Bechir's statement by removing any reference to Delva from the statement.  At trial, before Bechir's statements to law enforcement were introduced, Delva's counsel said he didn't have any objection to the redaction.

Delva and Bechir were tried together.  Prior to trial, there was a suppression hearing based on Bechir's motion to suppress physical evidence that had been seized from Bechir's car, including credit cards and the PII of numerous individuals.  The court concluded that there was sufficient probable cause to search the car and denied the motion.

At trial, Bechir testified in his own defense.  As relevant for our purposes, Bechir testified that (1) the townhouse at which he and Delva were arrested didn't belong to either of them, but rather to an out-of-town relative; (2) all of the PII that the agents found belonged to a confidential informant that police had used in the

operation targeting him and Delva; (3) he and Delva didn't own any of the PII; and (4) Delva's firearms were purchased for recreational use at a shooting range, not to protect the PII or tax-fraud proceeds. Delva's counsel was offered the opportunity to cross-examine Bechir but chose not to, while the government did cross-examine him. A jury found Delva and Bechir guilty of all charges.

At the sentencing phase, the court adopted the recommendations of Delva's presentence investigation report (PSI). The PSI recommended a 14-level sentencing enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(H) because the total loss amount from Delva's crimes was between $550,000 and $1,500,000. The court adopted the PSI's loss-enhancement calculation, considered the 18 U.S.C. § 3553(a) factors and the guidelines, and sentenced Delva to a total of 84 months' imprisonment.

This Court affirmed Delva's and Bechir's convictions and sentences on direct appeal. *See United States v. Delva*, 922 F.3d 1228, 1257 (11th Cir. 2019).

**B**

Delva filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, which the district court denied. A member of this Court granted Delva a certificate of appealability on four issues:

1. Whether trial counsel was ineffective for failing to file a motion to sever Delva's trial from his brother Bechir's trial;

4

2. Whether trial counsel was ineffective for failing to file a motion to suppress evidence seized during a search of a vehicle and residence;

3. Whether Delva's 84-month sentence was unreasonable, and his trial counsel was ineffective for failing to object to the sentencing enhancement for the loss amount; and

4. Whether trial counsel was ineffective for advising Delva to proceed to trial instead of pleading guilty in exchange for 24-months' imprisonment.[1]

## II

## A

We'll begin with Delva's first ineffective-assistance-of-counsel claim. Delva argues that his counsel was ineffective for failing to file a motion to sever his trial from Bechir's because Bechir made statements to law enforcement officers directly implicating Delva in the tax-fraud scheme. In connection with his ineffective-assistance claim, Delva also asserts that Bechir's testimony violated his Fifth and Sixth Amendment rights because *Bruton v. United States*, 391 U.S. 123 (1968), bars the admission of a co-defendant's confession inculpating the defendant unless that co-defendant is subject to cross-examination.

---

[1] For § 2255 proceedings, we review a district court's legal conclusions de novo and its factual findings for clear error. *Rhode v. United States*, 583 F.3d 1289, 1290 (11th Cir. 2009). *Pro se* pleadings are held to a less stringent standard than counseled pleadings and, consequently, must be construed liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

5

To succeed on an ineffective-assistance claim, a defendant must show both that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first prong, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *Id*. at 687–89. As to the prejudice prong, the movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694. A "reasonable probability" has been defined as one sufficient to undermine confidence in the outcome. *Id*. Further, "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Failure to establish either prong is fatal. *Strickland*, 466 U.S. at 697.

Here, Delva has failed to show that his counsel's performance fell below an objective standard of reasonableness or that prejudice resulted from his counsel's actions such that the outcome of his trial would have been different. *Strickland*, 466 U.S. at 694. First, on performance, to the extent that Delva argues that his counsel was ineffective for failing to move to sever the trials because Bechir's statement caused a *Bruton* violation, this argument fails. No *Bruton* violation

arose even though Bechir's unredacted statement was introduced at trial during Bechir's testimony because Delva's counsel was offered the opportunity to cross-examine Bechir but chose not to do so. *See Nelson v. O'Neil*, 402 U.S. 622, 627 (1971) ("The Constitution as construed in *Bruton*, in other words, is violated only where the out-of-court hearsay statement is that of a declarant who is unavailable at the trial for 'full and effective' cross-examination."); *United States v. Clemons*, 32 F.3d 1504, 1510 (11th Cir. 1994) (finding no *Bruton* violation where a defendant had an opportunity to cross-examine a co-defendant). [2]

Second, on prejudice, Delva has failed to show a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Here, for a motion to sever to have succeeded, Delva's trial counsel would have had to overcome the general presumption that defendants indicted together will be tried together, particularly in conspiracy cases. *United States v. Francis*, 131 F.3d 1452, 1459 (11th Cir. 1997); *United States v. Cassano*, 132 F.3d 646, 651 (11th Cir. 1998). This would have required showing that Delva wouldn't receive a fair trial without severance. *Cassano*, 132 F.3d at 651. It's unlikely that his trial counsel would have been able

---

[2] Delva also argues in his reply brief that his trial counsel was ineffective for failing to object to Bechir's testimony at trial. However, our review is "limited to the issues specified in the [certificate of appealability]." *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998). We cannot consider Delva's claim that his trial counsel was ineffective for failing to object to Bechir's testimony at trial because it was not an issue specified in the certificate of appealability.

to show that Delva wouldn't be able to receive a fair trial because the government would have introduced the same evidence whether or not Bechir and Delva were tried together. Even if the trials had been severed, the government likely would have called Bechir to testify, and the same testimony and evidence regarding Delva's ownership of the firearms likely would have been introduced.

**B**

Delva next claims that his trial counsel was ineffective for failing to move to suppress evidence found during the search of a residence and vehicle. He argues that law enforcement used a confidential source to gain access to the residence and that doing so violated his Fourth Amendment rights because the officers did not first receive authorization for a recording that the confidential informant took inside the residence that showed signs of tax-fraud activities and that was later used as the basis for a search warrant for the residence.

Again, under *Strickland*, Delva has failed to show either deficient performance or prejudice. First, counsel was not ineffective for failing to challenge the search of the residence because Delva had no reasonable expectation of privacy in it. *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) ("Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious[.]"). Bechir testified that the residence

8

was not Delva's but a relative's and that the confidential source was staying there. Because Delva had no reasonable expectation of privacy in someone else's home, he could not successfully challenge the search of the residence. *Minnesota v. Carter*, 525 U.S. 83, 90 (1998) ("Thus, an overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely present with the consent of the householder may not.").

Second, counsel was not deficient for not challenging the search of the vehicle. As Delva admitted in his original § 2255 motion, the court denied his co-defendant Bechir's motion to suppress evidence obtained from the vehicle, determining that officers had probable cause to search it. Delva's counsel could not have been ineffective for failing to file a motion to suppress evidence when his co-defendant's counsel's motion challenging the same search was determined to be meritless, and, for the same reason, there is no reasonable probability that, in the absence of the alleged error, the result would have been different.

Consequently, Delva hasn't shown that his counsel's performance fell below an objective standard of reasonableness or that there was a substantial probability that a motion to suppress the evidence obtained from either the residence or vehicle would have been granted.

**C**

Next, Delva argues that his total 84-month sentence is procedurally and substantively unreasonable and that his counsel was ineffective because he failed to object to a 14-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(H).  He also contends that when the district court enhanced his sentence on the ground that a weapon was found in the residence, it violated his constitutional right to have a jury determine all facts essential to his sentence.

As an initial matter, Delva's challenge to his 84-month sentence isn't cognizable on collateral review.  Section 2255 does not provide a remedy for every alleged sentencing error.  *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014).  When a movant claims that his "sentence was imposed in violation of the Constitution or laws of the United States … or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a), he must show that the alleged error "constituted a fundamental defect which inherently results in a complete miscarriage of justice," *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quotation marks omitted).  Here, Delva has failed to allege an error other than a guidelines miscalculation, which is not an error resulting in a "complete miscarriage of justice." *Spencer*, 773 F.3d at 1139 (noting that "[a] prisoner may challenge a sentencing error as a 'fundamental defect' on collateral review when he can prove that he is either

actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated").

Moreover, Delva's counsel was not ineffective for failing to object to the loss amount that led to his sentencing enhancement. Delva can't show a substantial probability that an objection to the sentencing enhancement for the loss amount would have been successful. *Harrington*, 562 U.S. at 111–12. The government produced evidence that Delva received $186,997 from fraudulent tax returns and that Delva possessed the social security numbers of 1,656 other individuals. In cases involving "unauthorized access devices" such as social security numbers, the commentary to the guidelines says that the loss amount calculated shall be not less than $500 per access device. U.S.S.G. § 2B1.1 cmt. n.3(F)(i).[3] Therefore, the loss amount for the social security numbers was calculated to be $828,000, bringing the total loss amount, along with the $186,997 from fraudulent tax returns, to $1,014,697. That loss amount fell well within the range for the § 2B1.1(b)(1)(H) enhancement. Delva has failed to explain how that loss amount was incorrectly calculated, such that his attorney should have objected or that such an objection would have been successful.

---

[3] An "access device" is "any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used … to obtain money, goods, services, or any other thing of value[.]" 18 U.S.C. § 1029(e)(1).

11

Finally, to the extent that Delva challenges the firearm-possession enhancement to his sentence, this Court can't review the claim because it is beyond the issues specified in the certificate of appealability granted by this Court. *See Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) (holding that the scope of review in a § 2255 motion is limited to the issues specified in the certificate of appealability).

**D**

Finally, Delva claims that his counsel was ineffective for advising him to go to trial instead of accepting a plea agreement for a 24-month sentence. He argues that the counsel advised him to go to trial because his brother would testify that he had nothing to do with the crime and, more generally, that his counsel pushed him into going to trial.

To establish the prejudice prong of the *Strickland* test for ineffective assistance of counsel for the allegedly improvident rejection of a guilty plea, the movant must show that (1) but for the ineffective advice of counsel, there is a reasonable probability that the plea offer would have been presented to the court; (2) the court would have accepted its terms; and (3) that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. *Lafler v. Cooper*, 566 U.S. 156, 164 (2012). A defendant's "wholly speculative" claims about what might have

happened are insufficient to satisfy *Lafler*'s three-pronged test. S*ee Osley v. United States*, 751 F.3d 1214, 1225 (11th Cir. 2014) (rejecting § 2255 movant's argument on *Lafler*'s second prong because his counterfactual claim was "wholly speculative"); *id*. at 1224 ("Osley's declaration that his plea deal would have resulted in a fifteen-year sentence is wholly speculative since it is unclear what plea terms the prosecution would have offered . . ..").  Conclusory allegations unsupported by specifics regarding ineffective-assistance-of-counsel claims are insufficient to warrant § 2255 relief.  *Rosin v. United States*, 786 F.3d 873, 879 (11th Cir. 2015) (rejecting a movant's "conclusory assertion" that his failure to accept a guilty plea and his insistence on going to trial were caused by his trial counsel's ineffective assistance).

Here, Delva's allegations about the supposed plea deal were conclusory because they did not (1) state when the plea deal was offered, (2) allege that the court would have accepted the plea deal, and (3) assert what the exact terms of the plea deal would have been.  Consequently, Delva failed to show prejudice for this claim, as he did not show that there was a reasonable probability that the court would have accepted his plea deal.  *See Strickland*, 466 U.S. at 694.

### III

To recap—we affirm the district court's denial of Delva's § 2255 motion because (1) Delva's counsel was not ineffective for failing to move to sever his

13

trial from that of his co-defendant's; (2) Delva's counsel was not ineffective for failing to move to suppress evidence from the search of the residence or vehicle; (3) Delva can't collaterally challenge his sentence in his § 2255 motion and his trial counsel wasn't ineffective for failing to object to the 14-level sentencing enhancement; and (4) Delva can't show that his counsel's advice led to the improvident rejection of a guilty plea.  Accordingly, we affirm.

**AFFIRMED.**