[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13143

Non-Argument Calendar

_____

DERRICK LASHON HOWELL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:15-cv-00049-MW-GRJ

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Derrick Howell, a federal prisoner proceeding *pro se*, appeals the denial of his motion to reconsider the district court's denial of his 28 U.S.C. § 2255 motion under Federal Rules of Civil Procedure 60(b)(4) and 59(e). He argues that the district court erred in denying his motion because he had shown that it had failed to consider all of his § 2255 claims, which compromised the integrity of his underlying § 2255 proceeding. The government responds by moving for summary affirmance of the district court's order and for a stay of the briefing schedule, arguing that the district court properly determined that Howell's claims did not raise an error in its previous ruling that prevented a merits determination on Howell's § 2255 motion.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review issues of subject-matter jurisdiction *de novo*. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007).

Under Fed. R. Civ. P. 59(e), a motion to alter or amend a judgment must be filed within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The Supreme Court has stated that Rule 59(e) motions are not second or successive motions under the habeas corpus statutes but are instead part of a petitioner's first habeas corpus proceeding. *Banister v. Davis*, 140 S. Ct. 1698, 1708 (2020).

Federal Rule of Civil Procedure 60(b) allows a district court to relieve a party from a final judgment if the judgment is void. Fed. R. Civ. P. 60(b)(4). A Rule 60(b) motion for relief from judgment on a § 2255 motion is construed as a second or successive § 2255 motion if it seeks to add a new ground for relief or attacks the district court's prior resolution of a claim on the merits, but not when it attacks a defect in the integrity of the § 2255 proceedings. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (addressing a Rule 60(b) motion in the § 2254 context); *see also Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (*en banc*) (applying *Gonzalez* in the § 2255 context), *overruled on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (*en banc*). A district court does not have jurisdiction to review a federal prisoner's successive § 2255 motion unless that motion is first certified by the appropriate court of appeals. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(a); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). However, a motion that challenges the district court's failure to reach the merits can be ruled

upon by the district court without precertification by us. *See Gonzalez*, 545 U.S. at 538.

Generally, to attack a defect in the integrity of the § 2255 proceedings and escape treatment as an impermissibly successive § 2255 motion, the Rule 60(b) motion must allege a fraud on the court or a procedural error that prevented the court from reaching the merits of the § 2255 motion. *Id.* at 532 & 532 nn.4–5. We have held that a district court must resolve all claims for relief—defined as any allegation of a constitutional violation—raised in a § 2255 motion, regardless of whether relief is granted or denied and regardless of whether the claims for relief arise out of the same operative facts. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (*en banc*) (addressing a § 2254 petition); *see also Rhode v. United States*, 583 F.3d 1289, 1291–92 (11th Cir. 2009) (applying *Clisby* in the § 2255 context).

Here, there is no substantial question that the district court properly denied Howell's motion. *See Groendyke Transp.*, 406 F.2d at 1162. As an initial matter, Howell's motion was untimely under Rule 59(e) because it was filed about 3 years, more than 28 days, after the order it sought to amend. Fed. R. Civ. P. 59(e).

Moreover, the district court did not err in denying Howell's motion under Rule 60(b) because he failed to show a defect in the integrity of his § 2255 proceeding, given that the district court had considered all the claims he had raised. In his original § 2255 motion, supplement, and reply, Howell argued that his counsel had

fraudulently induced him to plead guilty, in part by lying that Count 3 would be dismissed if Howell pled guilty, and that there was a conflict of interest because his counsel had only wanted to secure his fees.  The district court addressed these claims in its order denying his § 2255 motion, and Howell then argued that the court failed to consider his 18 U.S.C. § 924(c) claim (pertaining to Count 3) in its order denying his § 2255 motion.  However, Howell only raised ineffective-assistance claims during the § 2255 proceeding.  And although the claims appeared to include his challenge to pleading guilty to Count 3, he did not raise a claim directly challenging the validity of Count 3 of the plea agreement.  Thus, Howell failed to show a defect in the integrity of the § 2255 proceeding because the district court considered all the claims that he raised. *See Clisby*, 960 F.2d at 936.

As a result, there is no substantial question that the district court properly denied his motion on the merits because he did not establish an error in the court's previous ruling that precluded a merits determination of a claim presented in his § 2255 filings. *See Gonzalez*, 545 U.S. at 532 & 532 nn.4–5.  Therefore, we GRANT the government's motion for summary affirmance and DENY AS MOOT its motion to stay the briefing schedule. *See Groendyke Transp.*, 406 F.2d at 1162.