**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10990

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

RALEIGH JACKSON,
a.k.a. Raleigh McCranny,
a.k.a. Pokey,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:03-cr-00081-TWT-LTW-1

_____

Before BRANCH, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Raleigh Jackson, a federal prisoner proceeding *pro se*, appeals the denial of his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  The government moves for summary affirmance.  We grant the government's motion and affirm.

## I.     RELEVANT BACKGROUND

In 2003, Jackson pleaded guilty to several counts stemming from bank robberies he committed in 2002 and 2003: two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), four counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and one count of possessing a firearm during the commission of a crime, in violation of 18 U.S.C. § 924(C)(1)(a)(ii).  At the time of the offenses, Jackson was on federal supervised release for the armed robbery of a postal employee.  Jackson was sentenced to 400 months' imprisonment, followed by five years of supervised release.

In 2021, Jackson filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Jackson argued that certain medical conditions, together with the risks posed by COVID-19, constituted extraordinary and compelling reasons for a sentence reduction, and that he had been rehabilitated.  The Government opposed the motion noting, among other things, Jackson's extensive criminal history and continued "defiant behavior as shown by two 2020 altercations in his disciplinary history."  The district court denied the motion, finding that Jackson had not shown an extraordinary and compelling reason for release, and even if he did, he posed

a danger to the community under 18 U.S.C. § 3142(g) and the § 3553(a) factors weighed against his release.

Three years later, Jackson filed his second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). There, Jackson argued that extraordinary and compelling reasons warranted a sentence reduction for two reasons. First, citing *United States v. Cochran*, 2018 WL 1709506 (N.D. Fla. Apr. 9, 2018), Jackson claimed he was no longer a career offender, so his sentence would be substantially lower today under U.S.S.G. § 1B1.13(b)(6). Second, under U.S.S.G. § 1B1.13(b)(5), Jackson argued his age, medical circumstances, and rehabilitation were "other reasons" to establish an extraordinary and compelling reasons for release. The Government again opposed. The district court denied Jackson's second motion for compassionate release, finding that he failed to show: (1) an extraordinary and compelling reason for release under U.S.S.G. § 1B1.13(b)(6);[1] (2) that he was not a danger to the community; and (3) that the 18 U.S.C. § 3553(a) factors supported a sentence reduction considering, among other things, Jackson's "far from spotless" criminal history.

---

[1] On appeal, Jackson does not challenge the district court's finding that he still qualifies as a career offender under our decision in *United States v. Brooks*. 112 F.4th 937, 945 (11th Cir. 2024) (holding that a conviction for robbery by use of force is a crime of violence). Although this Court will "liberally construe *pro se* pleadings," holding them to "less stringent standards" than to those formally drafted by lawyers, we cannot "rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). Jackson has therefore abandoned that argument.

4                    Opinion of the Court                    25-10990

Jackson appealed and the Government has moved for summary affirmance.

## II.    STANDARD OF REVIEW

"We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). "After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion." *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *Id.*

Summary disposition is appropriate where time is of the essence, including "situations where important public policy issues are involved or those where rights delayed are rights denied," where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

## III.    ANALYSIS

Jackson argues first that the district court violated his rights, and our decision in *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), by failing to address the merits of his claim that an extraordinary and compelling reason for release existed under

---

[2] *Groendyke Transportation* is binding precedent in the Eleventh Circuit under *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

U.S.S.G. § 1B1.13(b)(5).  He also argues that the district court erred by relying on the 2018 version of the § 1B1.13 policy statement to find that the 18 U.S.C. § 3553(a) factors disfavor a sentence reduction and that he remains a danger to the community.  Jackson's arguments lack merit.

A district court may grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) if: (1) an extraordinary and compelling reason exist for doing so; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the § 3553(a) factors weigh in favor of a sentence reduction.  *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021).  These factors may be considered in any order, but where the district court finds even one lacking, it need go no further.  *See id.*

The § 1B1.13 policy statement maintains that a defendant's sentence may be reduced if extraordinary and compelling reasons warrant the reduction, the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g), and the court considers the factors in 18 U.S.C. § 3553(a).  *See* U.S.S.G. § 1B1.13(a).  In 2023, the Sentencing Commission amended § 1B1.13, adding to the new subsection (a) that a motion for reduction in a prison term may be brought by a defendant, and adding subsections (b)–(e).  *Compare* U.S.S.G. § 1B1.13 (2018), *with* U.S.S.G. § 1B1.13 (2023).

Summary affirmance is appropriate here.  *See Groendyke Transp.*, 406 F.2d at 1162.  To start, even if we were to "liberally construe" Jackson's briefing as challenging the district court's

findings on dangerousness or the sentencing factors in 18 U.S.C. § 3553(a), *see Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020), we see no abuse of discretion given the violent nature of Jackson's crimes, his disciplinary history, and his several probation violations. Nor did the district court, as Jackson contends, rely on the outdated § 1B1.13 policy statement, and even if it had, the 2023 amendment did not affect the provisions regarding Jackon's danger to the community or the weighing of the § 3553(a) factors. *Compare* U.S.S.G. § 1B1.13 (2018), *with* U.S.S.G. § 1B1.13 (2023).

Jackson's remaining arguments fare no better. First, our decision in *Clisby* offers him no help, as it applies only in habeas proceedings. *See Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009). Second, the district court was not required to address Jackson's argument under § 1B1.13(b)(5). Having found that Jackson remained a danger to the community or that the § 3553(a) factors disfavored a reduction, "compassionate release was foreclosed." *See Giron*, 15 F.4th at 1350.

Because the government's position is "clearly right as a matter of law," we GRANT the government's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**